UNITED STATES of America,
Plaintiff-Appellee,

v.

George X. RAMSEUR, Jr., Defendant-
Appellant.

No. 16545.

United States Court of Appeals
Sixth Circuit.

June 15, 1967.

Robert R. Lowery, Cincinnati, Ohio, for appellant.

G. Wilson Horde, Asst. U. S. Atty., Knoxville, Tenn., J. H. Reddy, U. S. Atty., Knoxville, Tenn., on brief, for appellee.

Before O'SULLIVAN, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Defendant was indicted and convicted by a jury for possession of [1] and aiding and abetting in the transfer of [2] marijuana.

■   Two appellate issues are presented. In the first, defendant, a Negro, claims deprivation of constitutional rights through systematic exclusion of Negroes and women from the jury. There is, however, no evidence at all in this record to support either the claim of systematic exclusion or any assertion of prejudice flowing therefrom.

1. 26 U.S.C. § 4744(a) (1) (1964).

2. 26 U.S.C. § 4742(a) (1964).

The second question is an assertion of an illegal search and seizure as a result of which the police obtained a jacket which appellant was wearing at the time when he (according to the overwhelming testimony of a variety of government witnesses) deposited marijuana in a locker in a bus station.

' It appears that the jacket was procured by the police after defendant's arrest through the intervention of hospital staff from the bedroom where defendant's mother was being treated. Appellant relies on United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951), and Stoner v. State of California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed. 2d 856 (1964), which hold that a defendant does not need to have either title to or leasehold rights in residential premises in order to have standing to raise a constitutional issue pertaining to a warrantless search and seizure.

■ There are factual distinctions between the instant search and those dealt with in *Jeffers* and *Stoner*. We do not, however, feel required to pass on this question. Even if this search was illegal, this case would simply be a classic instance of harmless error.

Four of the witnesses identified Ramseur and testified to defendant's trip through the bus station to the locker. Several testified that he was wearing a green jacket with the legend "Big Ramseur" in big white letters. After that testimony plus the testimony of police who subsequently followed him in hot pursuit for a considerable period of time, and their positive identification of him, the admission of the jacket itself could not have made any substantial difference in the outcome of this trial.

Rule 52(a) of the Federal Rules of Criminal Procedure provides:

> "*Harmless Error.* Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

■■ The Supreme Court has recently held that the harmless error rule may be applied in relation to certain errors based on constitutional grounds. We find "beyond a reasonable doubt" that the harmless error rule should be applied here. Chapman v. State of California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Affirmed.