**Robert HARRIS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18821.**

United States Court of Appeals Eighth Circuit.

March 15, 1968.

Donald L. Schmidt, of McMahon, Kieffer & Schmidt, Clayton, Mo., for appellant.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee, Veryl L. Riddle, U. S. Atty., on the brief.

Before VOGEL, Senior Circuit Judge, and GIBSON and LAY, Circuit Judges.

PER CURIAM.

Since the argument in this case, recent Supreme Court decisions in Marchetti v. United States, January 29, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and Grosso v. United States, January 29, 1968, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed. 2d 902, have held that the wagering tax provisions of Title 26 U.S.C.A. may not be enforced by criminally punishing those individuals who have properly asserted their privilege against self-incrimination in defense of their non-compliance with the provisions.

The appellant was convicted of operating a lottery without paying the occupational tax imposed by § 4411 of Title 26 U.S.C.A. The appellant has raised several contentions on this appeal unrelated to constitutional issues involving

the wagering tax statutes. The appellant has also raised for the first time in his appeal brief an assertion that criminal enforcement of the wagering tax statutes violates his right against self-incrimination. Thus, while the constitutionality of the application of the wagering tax statutes was not raised below, it is raised here. The issue here thus becomes whether appellant " * * defended a failure to comply with [the wagering tax statutes] with a proper assertion of the privilege against self-incrimination." Marchetti v. United States, supra, 390 U.S. at 42, 88 S.Ct. at 699.

In Grosso v. United States, supra, while the appellant had properly raised the privilege in defense of the 26 U.S. C.A. § 4401 charges and a related 18 U.S.C.A. § 371 charge, he had failed to assert the privilege in defense of 26 U.S. C.A. § 4411 charges either at trial or at any stage of the appellate proceedings, including the Supreme Court review. The court there felt that the failure was understandable in view of its *Kahriger* and *Lewis* decisions [1] and being unable to find "any evidence on which a finding of waiver of the privilege against self-incrimination might properly be predicated," 390 U.S. 71, 88 S.Ct. 715, the court reversed under 28 U.S.C.A. § 2106.

28 U.S.C.A. § 2106 provides:

"The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."

Because of the unique situation here where the Supreme Court has abruptly reversed two cases, both on the books for a long time, and which cases precluded any chance of the appellant here successfully raising earlier a constitutional defense to enforcement of the occupational tax, we feel this is an appropriate instance to apply 28 U.S.C.A. § 2106. We therefore reverse the judgment in its entirety because such result is "just under the circumstances".

---

1. United States v. Kahriger, 1953, 345 U. S. 22, 73 S.Ct. 510, 97 L.Ed. 754; Lewis v. United States, 1955, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475.