UNITED STATES *v.* COVINGTON.

(Crim. No. 9041—Decided March 27, 1968.)

United States District Court, Southern District of Ohio, Eastern Division.

*Mr. Robert M. Draper,* U. S. attorney, and *Mr. Charles R. Dersom,* for the United States.

*Mr. William J. Davis,* for Henry Preston Covington.

KINNEARY, District Judge. Defendant is charged by indictment with being a transferee of and acquiring a quantity of marihuana without having paid the tax imposed by law, in violation of Title 26, United States Code, Section 4744(a) (1).

Following his plea of not guilty upon arraignment, defendant filed a motion to dismiss the indictment. In its consideration of this motion, the court has had the assistance of the supporting and contra memoranda.

Title 26, United States Code, Section 4741(a) provides:

"(a) Rate. There shall be imposed upon all transfers of marihuana which are required by section 4742 to be carried out in pursuance of written order forms taxes at the following rates:

"(1) Transfers to special taxpayers. Upon each transfer to any person who has paid the special tax and registered under Sections 4751 to 4753, inclusive, $1 per ounce of marihuana or fraction thereof.

"(2) Transfers to others. Upon each transfer to any person who has not paid the special tax and registered under Sections 4751 to 4753, inclusive, $100 per ounce of marihuana or fraction thereof. * * *"

Section 4742, which forms the basis for determining taxable transfers, provides:

"(a) General requirement. It shall be unlawful for any person, whether or not required to pay a special tax and register under Sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate.

"(b) Exceptions. Subject to such regulations as the Secretary or his delegate may prescribe, nothing contained in this section shall apply—

"(1) Professional practice.—To a transfer of mari-

huana to a patient by a physician, dentist, veterinary surgeon, or other practitioner registered under Section 4753, in the course of his professional practice only: Provided, that such physician, dentist, veterinary surgeon, or other practitioner shall keep a record of all such marihuana transferred, showing the amount transferred and the name and address of the patient to whom such marihuana is transferred, and such record shall be kept for a period of 2 years from the date of the transfer of such marihuana, and subject to inspection as provided in Section 4773.

"(2) Prescriptions.—To a transfer of marihuana, made in good faith by a dealer to a consumer under and in pursuance of a written prescription issued by a physician, dentist, veterinary surgeon, or other practitioner registered under Section 4753: Provided, that such prescription shall be dated as of the day on which signed and shall be signed by the physician, dentist, veterinary surgeon, or other practitioner who issues the same:

"Provided further, That such dealer shall preserve such prescription for a period of 2 years from the day on which such prescription is filled, so as to be readily accessible for inspection by the officers, employees, and officials mentioned in Section 4773.

"(3) Exportation.—To the sale, exportation, shipment, or delivery of marihuana by any person within the United States, any territory, the District of Columbia, or any of the insular possessions of the United States, to any person in any foreign country regulating the entry of marihuana, if such sale, shipment, or delivery of marihuana is made in accordance with such regulations for importation into such foreign country as are prescribed by such foreign country, such regulations to be promulgated from time to time by the Secretary of State of the United States.

"(4) Government and state officials.—To a transfer of marihuana to any officer or employee of the United States Government or of any state, territorial, district, county, or municipal or insular government lawfully engaged in making purchases thereof for the Department

of Defense, the Public Health Service, and for government, state, territorial, district, county, or municipal or insular hospitals or prisons.

"(5) Certain seeds.—To a transfer of any seeds of the plant Cannabis sativa L. to any person registered under Section 4753. * * *"

Failure to pay the tax imposed is a violation of Title 26, United States Code, Section 4744(a) (1):

"(a) Persons in general. It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by Section 4741(a)—

"(1) to acquire or otherwise obtain any marihuana without having paid such tax * * *."

The basis of defendant's motion is the allegation that the foregoing statutory scheme is, at least as to him, violative of the Fifth Amendment to the United States Constitution in that it requires a person to incriminate himself.

What has evidently prompted this motion is a group of decisions recently entered by the United States Supreme Court. *Marchetti* v. *United States* (Jan. 29, 1968), 390 U. S. 39, 43 O. O. 2d 215, 88 S. Ct. 697, 19 L. Ed. 2d 889; *Grosso* v. *United States* (Jan. 29, 1968), 390 U. S. 62, 43 O. O. 2d 226, 88 S. Ct. 709, 19 L. Ed. 2d 906; *Haynes* v. *United States* (Jan. 29, 1968), 390 U. S. 85, 88 S. Ct. 722, 19 L. Ed. 2d 923. In those cases it was determined that criminal prosecutions under the statutes imposing the annual occupational tax on gamblers,[1] the requirement to register before engaging in the business of accepting wagers,[2] the excise tax on wagering,[3] and a criminal penalty on possessors of "unregistered firearms'"[4] were each subject to an absolute defense in the form of an assertion that the statute was unconstitutional inasmuch as each one had the effect of compelling the respective defendants, and others similarly situated, to incriminate themselves. The questioned statutes required disclosure of past, present or

[1] Title 26, United States Code, Section 4411; *Marchetti.*
[2] Title 26, United States Code, Section 4412; *Marchetti.*
[3] Title 26, United States Code, Section 4401; *Grosso.*
[4] Title 26, United States Code, Section 5851; *Haynes.*

240

prospective activities in areas "permeated with criminal statutes." *Marchetti, supra.* Compliance with any of the statutory requirements was directed at persons inherently suspect of criminal activities and created real, appreciable and substantial hazards of self-incrimination. *Ibid.* The hazards were particularly emphasized by the further statutory requirement that a list of all such taxpayers be made available for public inspection. Title 26, United States Code, Section 6107.[5]

A reading of the statutory tax scheme presently in question discloses that it, like those previously declared "unconstitutional," raises more than merely imaginary hazards of self-incrimination. The hazards here are likewise real, appreciable and substantial, and the statutory requirements, with the many exclusions, are primarily directed at those who are inherently suspect of criminal activities.[6]

---

[5]That section provides that:

"In the principal internal revenue office in each internal revenue district there shall be kept, for public inspection, an alphabetical list of the names of all persons who have paid special taxes under subtitle D or E with respect to a trade or business carried on within such district. Such list shall be prepared and kept pursuant to regulations prescribed by the Secretary or his delegate, and shall contain the time, place, and business for which such special taxes have been paid, and upon application of any prosecuting officer of any state, county, or municipality there shall be furnished to him a certified copy thereof, as of a public record, for which a fee of $1 for each 100 words or fraction thereof in the copy or copies so requested may be charged."

[6]In Ohio, criminal penalties are provided persons who are subject to the taxing provisions herein questioned. Sections 3719.01-3719.36, 3719.99 (1953), Revised Code. Similar statutes prevail in other jurisdictions. See, *e. g.* Ala. Code. Tit. 22, Secs. 256-258 (1958); Alaska Stat. Sections 17.10.010-17.10.240 (1962); Ariz. Rev. Stat. Sections 36-1001 to 36-1024 (1956); Ark. Stat. Sections 82-1001 to 82-1024 (1947); Cal. Health and Safety Code, Sections 11001-11853 (1964); Colo. Rev. Stat. Sections 48-6-1 to 48-6-22 (1953); Conn. Gen. Stat. Sections 19-244 to 19-268 (1958); Del. Code Ann., Tit. 16, Sections 4701-4722 (1967); Fla. Stat. Ann. Sections 398.01-398.23 (1963); Ga. Code Ann. Sections 42-801 to 42-822, 42-9917 to 42-9919 (1957); Hawaii Rev. Laws Sections 52-10 to 52-39 (1955); Idaho Code Sections 37-2301 to 37-2323 (1957); Ill., S. H. A., c. 38, Sections 22-1 to 22-49 (1964); Ind. Stat. Ann. Sections 10-3519 to 10-3550 (1956); Iowa Code Ann. Sections 204.1-204.25 (1946); Kan. Stat. Ann. c. 65, Art. 25 (1963);

Again, as was the case of persons who complied with the statutes challenged in *Marchetti, Grosso,* and *Haynes,* those who pay the tax imposed by Section 4741(a) are subject to having their names published in a list made available to interested prosecuting authorities by virtue of Section 6107.[7]

As in the recent Supreme Court trilogy, this court must also consider the relevance of the "required records" doctrine of *Shapiro* v. *United States* (1948), 335 U. S. 1, 68 S. Ct. 1375, 92 L. Ed. 1787. The same elements which served to distinguish the situations of those cases from that of *Shapiro* are present in the instant matter. Stated otherwise, defendant was "required simply to provide information, unrelated to any records which he may have maintained," there were no "public aspects" to the informa-

---

Ky. Rev. Stat. Sections 218.010-218.240 (1962); La. Stat. Ann. 40 :961-40 :984 (1951); Me. Rev. Stat. Ann. Tit. 22, Sections 2361-2380 (1964); Md. Ann. Code, Art. 27, Sections 276-306 (1957); Mass. Ann. Laws, c. 94 Sections 197-217D (1957); Mich. Comp. Laws Ann. Sections 335.51-335.77 (1961); Minn. Stat. Ann. Sections 618.01-618.25 (1963); Miss. Code Ann., Tit. 25, c. 2 (1942); Mo. Rev. Stat. Ann., c. 195 (1959); Mont. Rev. Codes Ann. Sections 54-101 to 54-128 (1947); Neb. Rev. Stat. Sections 28-451 to 28-472.01 (1943); Nev. Rev. Stat. Section 453.010 et seq. (1963); N. H. Rev. Stat. Ann., c. 318-A, Sections 1-26 (1964); N. J. Rev. Stat. Ann., Tit. 24, c. 18 (1940); N. M. Stat. Sections 54-7-1 to 54-7-51 (1953); N. Y. Public Health Law, McKinney's Consol. Laws, c. 45, Art. 33 (1953); N. C. Gen. Stat., c. 90, Art. 5 (1958); N. D. Cent. Code Ann. Sections 19-03-01 to 19-03-32 (1960); Okla. Stat. Ann., Tit. 63, Sections 466-469A (1963); Ore. Rev. Stat., Tit. 37, c. 474 (1967); Pa. Stat. Ann., Tit. 35, Section 780-1 to 780-31 (1964); R. I. Gen. Laws Ann. Sections 21-28-1 to 21-28-66 (1956); S. C. Code Ann. Sections 32-1461 to 32-1495 (1962); S. D. Code, Tit. 22, Sections 1301-1324 (1939); Tenn. Code Ann. Sections 52-1301 to 52-1323 (1966); Vernon's Ann. Tex. Pen. Code, Art. 725b (1961); Utah Code Ann. Sections 58-13-1 to 58-13a-48 (1953); Vt. Stat. Ann., Tit. 18, Sections 4141-4163 (1959); Va. Code Ann., Tit. 54, Sections 487-519 (1950); Wash. Rev. Code Sections 69.33.220-69.33.960 (1959); W. Va. Code Ann. Sections 16-8A-1 to 16-8A-26 (1961); Wis. Stat. Ann. Sections 161.01-161.25 (1957); Wyo. Stat. Ann., Tit. 35, Sections 348-371 (1957).

[7]See, *United States* v. *Sanchez* (1950), 340 U. S. 42, 71 S. Ct. 108, 95 L. Ed. 47, as to the obviousness of the Congressional intent to aid in the regulation of the illicit traffic in marihuana.

tion sought, and the requirements here are directed to a "selective group inherently suspect of criminal activities." *Marchetti; Albertson* v. *SACB* (1965), 382 U. S. 70, 79, 86 S. Ct. 194, 199, 15 L. Ed. 2d 165; *Shapiro*. Similarly distinguishable is *United States* v. *Sullivan* (1927), 274 U. S. 259, 47 S. Ct. 607, 71 L. Ed. 1037.

Finally, as in *Marchetti, Grosso,* and *Haynes,* this court does not feel it within its province to engraft immunity restrictions[6] on the tax system in question here. Congress has made it quite clear that disclosure of marihuana transfer tax payments is to be made to prosecuting authorities. Section 6107. See also, *United States* v. *Sanchez* (1950), 340 U. S. 42, 71 S. Ct. 108, 95 L. Ed. 47. It is for the Legislature, rather than the judiciary, to make new law; the judiciary can only say whether a statutory enactment of legislative intent, or its enforcement, in a particular instance, is constitutionally permissible.

Wherefore, the court determines that the defendant has properly asserted the constitutional privilege against self-incrimination as a total defense to prosecution in this case. However, the court also feels compelled to add that nothing determined herein serves as a holding that the marihuana tax provisions are unconstitutional or that the states may not continue to enforce their statutes prohibiting the sale, possession, etc., of marihuana. As to the application of the federal tax provisions, their enforcement through penalties may continue against persons not confronted by real, appreciable or substantial hazards of self-incrimination, or persons who are otherwise outside of the privilege's protection.

The motion to dismiss the indictment is granted.

---

[6]See *Murphy* v. *Waterfront Comm.* (1964), 378 U. S. 52, 84 S. Ct. 1594, 12 L. Ed. 2d 678, as an example of immunity restrictions imposed within the province of the judiciary.