Joseph Michael **DRENNON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18972.

United States Court of Appeals
Eighth Circuit.

April 30, 1968.

———◆———

Ray A. Gerritzen, of Gerritzen & Gerritzen, St. Louis, Mo., for appellant.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee; Veryl L. Riddle, U. S. Atty., St. Louis, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge, BLACKMUN, Circuit Judge, and VAN PELT, District Judge.

VAN OOSTERHOUT, Chief Judge.

Defendant Drennon was convicted by a jury upon each of three counts of an indictment, all of which charged possession of a firearm which had not been registered as required by 26 U.S.C.A. § 5841 in violation of 26 U.S.C.A. § 5851. A fine of $1,000 was imposed upon the Count I conviction. Sentence on Counts II and III was suspended and defendant was placed on three years probation on such counts. This is a timely appeal from such conviction and sentence.

Defendant did not in the trial court nor in his original brief upon this appeal attack the constitutionality of § 5851 nor did he assert his constitutional privilege against self-incrimination. The trial was held in July of 1967. The decision of the Supreme Court in Haynes

v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, was filed on January 29, 1968. Such opinion holds that a proper claim of self-incrimination provides a full defense to a prosecution for possession of an unregistered firearm under § 5851.

Defendant, by motion filed February 12, 1968, and supplemental motion filed March 1, 1968, urges that *Haynes* requires a reversal of his conviction. The supplemental motion sets forth the contention that prior to the Supreme Court's decision in *Haynes* appellate courts had uniformly upheld the constitutionality of § 5851 and that no appellate court had recognized that compliance with the provisions of § 5851 would be violative of defendant's constitutional privilege against self-incrimination guaranteed by the Fifth Amendment. The government has filed a memorandum and resistance to defendant's motion, asserting that *Haynes* does not apply because defendant did not assert his constitutional privilege at any time during the trial or in his brief upon appeal.

The defendant's motions, as well as numerous other grounds relied upon for reversal in brief, were argued and submitted on April 3, 1968. For reasons hereinafter stated, we hold that the defendant did not voluntarily waive his privilege against self-incrimination and that such privilege constitutes a complete defense to the § 5851 charges made against him. We deem it unnecessary to set forth or discuss other asserted errors relied upon for reversal.

There is adequate substantial evidence in the record to support a finding that the defendant had in his possession the three machine guns described in the three indictment counts, that they were capable of being fired and that they were the type of weapons which were required to be registered by § 5841. We are satisfied from a careful examination of the record that registration of the machine guns here involved would constitute a violation of defendant's privilege against self-incrimination under the Fifth Amendment. Thus had the self-incrimination issue been raised, there is no doubt that a reversal would here be required.

We now reach the crucial issue in this case, which is whether the defendant voluntarily waived his constitutional right against self-incrimination by failing to raise such issue in the trial court. We hold that he did not.

In Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, decided on the same day as *Haynes,* one of the issues presented was whether defendant's conviction based upon counts charging failure to pay an occupational tax on gambling in violation of 26 U.S.C.A. § 4411 could be upheld. The Court had held in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, that § 4411 requiring gamblers to pay an occupational tax created a real and substantial danger of self-incrimination and that the assertion of the privilege against self-incrimination provided a complete defense to prosecution under § 4411. Such reasoning is almost identical to that used in *Haynes* as a basis for the reversal of a conviction under 26 U.S.C.A. § 5851.

In *Grosso,* the defendant had not asserted self-incrimination as to the § 4411 counts. The Court held that in light of the decisions in United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754, and Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475, which were overruled in respects pertinent in *Marchetti,* that, "We are unable to view his failure to present this issue as an effective waiver of the constitutional privilege." The Court goes on to say:

"Since the record is barren of any evidence on which a finding of waiver of the privilege against self-incrimination might properly be predicated, and since, absent such a waiver, reversal of the conviction would be inevitable in light of our holdings today in this case and in *Marchetti,* we consider that the entire case should now be finally

disposed of at this level. In the special circumstances presented, this course seems to us to be dictated by considerations of sound judicial administration, in order to obviate further and entirely unnecessary proceedings below."

We followed *Grosso* in reversing a § 4411 conviction in Harris v. United States, 8 Cir., 390 F.2d 616. The *Grosso* reasoning on the issue of lack of voluntary waiver of the privilege against self-incrimination applies by analogy to the voluntary waiver issue in our present case.

■ Prior to the Supreme Court's decision in *Haynes*, Courts of Appeals had uniformly held that § 5851 was constitutional and that it was not violative of the privilege against self-incrimination. In Haynes v. United States, 5 Cir., 372 F.2d 651, 653, the court observes:

"[I]t cannot be ignored that Section 5851 has at least eight times been held Constitutional. We have been cited, and we find, no case to the contrary. We are presented no issue of choice as to the weight of authority—the decisions all sustain Constitutionality."

Decisions supporting the above statement are cited in footnote 9 to the *Haynes* opinion. To like effect, see Deckard v. United States, 8 Cir., 381 F.2d 77, 80; see also Sipes v. United States, 8 Cir., 321 F.2d 174, 178; Page v. United States, 8 Cir., 282 F.2d 807, 811.

Thus upon the basis of the unanimity of the decided cases as of the date of the trial, a reasonable basis existed for defendant's belief that pursuit of his self-incrimination defense would be fruitless.

The Supreme Court in *Haynes* squarely rejected the basis upon which the Courts of Appeals had held that § 5851 would not violate the privilege against self-incrimination. Defendant has raised the self-incrimination defense at the earliest possible moment after the *Haynes* decision and prior to the submission of this case to us upon appeal.

In *Deckard,* supra, we upheld a post-conviction coram nobis collateral attack upon a 26 U.S.C.A. § 5841 conviction. We recognized that coram nobis relief should be granted sparingly and only under compelling circumstances to correct errors of a most fundamental character. Upon our determination that the registration requirements of § 5841 were violative of the privilege against self-incrimination, we set aside the conviction even though defendant had entered a plea of guilty to the charge and had not raised the self-incrimination issue at his trial. We recognized that the privilege against self-incrimination was a substantial constitutional right and that the criminal information filed was constitutionally vulnerable because § 5841 upon which it rested by its registration provisions calls for self-incrimination. The *Haynes* holding that the elements of offenses proscribed by §§ 5841 and 5851 are identical makes the reasoning upon which *Deckard* is based applicable to our present case. The situation in our present case is somewhat stronger than that in *Deckard,* as here the attack is made upon direct appeal, not in a collateral proceeding.

■ The problem remains whether any purpose is to be served by remanding this case to the trial court for further proceedings. Here, as in *Grosso* and *Harris,* the record is barren of any evidence upon which a finding of voluntary waiver of the privilege against self-incrimination might properly be predicated. See Dillon v. United States, 8 Cir., 389 F.2d 381, 383. Accordingly, we follow the pattern set in *Grosso* and reverse the judgment of conviction outright.