UNITED STATES of America, Appellee,

v.

Isaac LOPEZ, a/k/a Isaac Garcia, Appellant.

No. 385, Docket 33018.

United States Court of Appeals Second Circuit.

Argued Feb. 19, 1969.

Decided June 24, 1969.

Jerome C. Ditore, Asst. U. S. Atty., Joseph P. Hoey, U. S. Atty., for appellee.

Joseph J. Marcheso, David S. Wallenstein, New York City, for appellant.

Before Mr. Justice CLARK,* and WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM:

Appellant appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York after a trial to a judge without jury.

The indictment contained two counts, and appellant was convicted on both of them. The first count charged him with having violated 21 U.S.C. § 176a in that he concealed and facilitated the transportation of marijuana after the marijuana had been imported into the United States, appellant knowing the same to have been imported contrary to law. Count 2 charged him with having violated 26 U.S.C. § 4744(a) in that he possessed marijuana after having acquired it without having paid the transfer tax required to be paid by 26 U.S.C. § 4741 et seq. Appellant was sentenced to imprisonment for 10 years on count 1 and for 5 years on count 2, the sentences to run concurrently.

On May 19, 1969 the United States Supreme Court decided Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), which would seem to dictate the reversal of the judgment here. The Government, however, argues that appellant's conviction should be affirmed despite *Leary*. It contends that the constitutional issues raised by appellant, which are identical to those raised and resolved in *Leary,* are not properly before this court because appellant did not preserve the issues at his trial and is raising them for the first time on appeal.

We disagree. See Fed.R.Crim.P. 52 (a); Drennon v. United States, 393 F.2d 342 (8 Cir. 1968); Alexander v. United States, 390 F.2d 101, 103, n. 3 (5 Cir. 1968). Consequently, we follow *Leary,* and in light of that decision we reverse appellant's conviction on count two and order appellant acquitted thereon, and we vacate the conviction on count one and remand the case to the district court for such further proceedings there, consistent with *Leary,* as may appear to be indicated by the order of remand in that case.

---

* Associate Justice, United States Supreme Court, Retired, sitting by designation.