**Major BECTON and Roosevelt Becton, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 18955.

United States Court of Appeals Eighth Circuit.

June 27, 1969.

---

5. Cf. Frazier v. Cupp, 1969, 395 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684.

**1006**

Harry Roth, Clayton, Mo., and Samuel Raban, St. Louis, Mo., for appellants.

Philip Wilens, Atty., Department of Justice, Washington, D. C., Veryl L. Riddle, U. S. Atty., and Robert H. Kubie, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BLACKMUN, GIBSON and LAY, Circuit Judges.

BLACKMUN, Circuit Judge.

In the first count of a two-count indictment Major Becton, then age 23, was charged with a violation of 26 U.S.C. § 4744(a) in that, on or about January 31, 1967, being a transferee required to pay the transfer tax imposed by 26 U.S.C. § 4741(a), and not being registered with the Secretary of the Treasury or his delegate, and not having paid the tax imposed by § 4741(a), he unlawfully acquired at Saint Louis, Missouri, a specified quantity of marijuana. The second count jointly charged Major Becton and his brother, Roosevelt Becton, then age 25, with a like offense on or about February 9, 1967.

With retained counsel, the defendants entered pleas of not guilty. Their motion for a severance was denied. At the ensuing jury trial in June 1967 both defendants testified. Major's defense on the first count was entrapment (he conceded making the sale) and on the second count was non-possession. Roosevelt's defense was mistaken identity and an alibi, with the intimation that it was a third brother, Stanley, who was in the bar-restaurant at the time of the February incident. However, each was convicted on the counts or count on which he was charged. The district court gave Major a 3-year sentence on each of the counts, the sentences to run concurrently. It gave Roosevelt a 2-year sentence. Both defendants appeal.

The Bectons have been at large on bonds pending their appeal. Within a month after the case was argued orally to us the Supreme Court, 392 U.S. 903, 88 S.Ct. 2058, 20 L.Ed.2d 1362 (1968), granted certiorari as to certain constitutional issues present in Leary v. United States, 383 F.2d 851 (5 Cir. 1967) [and 392 F.2d 220 (5 Cir. 1968)]. Later, it noted probable jurisdiction in United States v. Covington, 282 F.Supp. 886 (S.D.Ohio 1968), and set that case for argument immediately following Leary. 393 U.S. 910, 89 S.Ct. 238, 21 L.Ed.2d 197 (1958). Because of the identity of the constitutional issue which the Bectons argue to us with a constitutional issue present in both Leary and Covington, we deferred decision here until the Supreme Court had heard and decided the Leary and Covington cases. Those cases have now come down, Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), and United States v.

Covington, 395 U.S. 57, 89 S.Ct. 1559, 13 L.Ed.2d 94 (1969), and we are in a position to rule upon the Bectons' appeal.

The defense here urges (1) entrapment with respect to Major Becton and the first count; (2) the insufficiency of the evidence with respect to Major and the second count; (3) the deprival of a fair trial on stated procedural, non-witness-producing, court comment, and instructional grounds; and (4), because of self-incrimination aspects, the Fifth Amendment unconstitutionality of §§ 4741(a) and 4744(a).

We turn at once to the constitutional issue.

The defense concedes that unconstitutionality was not urged in the trial court. This immediately raises the question of waiver. Inasmuch as there is no factual dispute about the issue's being ignored at the trial level, "the question whether the privilege [against self-incrimination] has been waived * * * is one of law * * *." United States v. Covington, supra (395 U.S. at 60, 89 S.Ct. p. 1561).

The government, commendably, states in its brief, "we do not here press a contention that appellants' failure to raise or preserve any objection to the constitutionality of either the indictment or their conviction bars further consideration of the questions raised by" Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 716, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), all decided after the Bectons' trial had been concluded. Of course, as Grosso, 390 U.S. at 70–71, 88 S.Ct. 716, Leary v. United States, supra, and United States v. Covington, supra, all clearly indicate, a defendant may waive his privilege against self-incrimination. However, so far as the constitutional questions raised by Marchetti, Grosso and Haynes are concerned, our own holdings subsequent thereto clearly entitle the defense here to press those constitutional grounds up-

on us despite a failure so to do in the trial court. Harris v. United States, 390 F.2d 616 (8 Cir. 1968); Segal v. United States, 391 F.2d 266 (8 Cir. 1968); Drennon v. United States, 393 F.2d 342, 343–344 (8 Cir. 1968); Mower v. United States, 402 F.2d 982, 984–985 (8 Cir. 1968). See Moodyes v. United States, 400 F.2d 360, 361 n. 2 (8 Cir. 1968). Our rulings to this effect followed Grosso, 390 U.S. at 70–71, 88 S.Ct. 716, and were based upon the "unique situation" presented by Marchetti, Grosso, and Haynes in the light of earlier contrary court rulings in the wagering and firearms area, and upon the "just under the circumstances" language of 28 U.S.C. § 2106. If there was any question that this same approach was applicable with respect to the marijuana statutes under which the Bectons have been charged, it is set at rest by United States v. Covington, supra. As the Supreme Court said there, 395 U.S. at 61, 89 S.Ct. at 1561, we may say here, "There is in this * * record no indication that [either appellant] waived his privilege, and the Government has never alleged the existence of a factual controversy on that score." Hence we hold that, under all the circumstances, the Bectons, by their inaction in the trial court, did not waive the constitutional question and that it is entirely appropriate and "just under the circumstances" that we pass upon the constitutional issue.

Having reached this point, it is equally clear that the attempted application of the statutes in question to the Bectons, and each of them, is unconstitutional as violative of the Fifth Amendment's privilege against self-incrimination. The indictment's reference in each count to unlawful acquisition is obviously directed to § 4744(a) (1) rather than to § 4744(a) (2). It is § 4744(a) (1) which was under challenge in United States v. Covington, supra, although the Court observed 395 U.S. at 60, 89 S.Ct. at 1561, n. 3, "that there is no significant distinction between the statutes for purposes of the Fifth Amendment privilege." Covington and Leary are thus

controlling here. The connection with possible jeopardy under state law lies in the facts that the Uniform Narcotic Drug Act was, and is, in effect in Missouri, V.A.M.S. §§ 195.010 through 195.210, and that, under that Act, unauthorized possession of marijuana is unlawful and specified penalties are imposed. V.A.M.S. § 195.020, § 195.010(5) and (17), and § 195.200; State v. Thompson, 425 S.W.2d 80, 84 (Mo.Sup. 1968); State v. Page, 395 S.W.2d 146 (Mo.Sup.1965).

Upon the conclusive authority of *Covington, Leary, Marchetti, Grosso,* and *Haynes* and in line with the rulings in our *Harris* and succeeding cases, cited above, the Bectons' convictions must be reversed.

This conclusion makes it unnecessary to consider the other issues raised by the defense.

The judgments of conviction are reversed.