Clarence **MILLER**, Jr., Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19038.

United States Court of Appeals Eighth Circuit.

June 27, 1969.

James A. Bell, St. Louis, Mo., for appellant.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee; Veryl L. Riddle, U. S. Atty., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and LAY, Circuit Judges.

PER CURIAM.

Clarence Miller, Jr., in March 1967 was charged in a three-count indictment with violations of 26 U.S.C. § 4744(a) in that, on or about three specified dates in January and February 1967, being a transferee required to pay the transfer

tax imposed by 26 U.S.C. § 4741(a), and not being registered with the Secretary of the Treasury or his delegate, and not having paid the tax imposed by § 4741(a), he unlawfully acquired in Saint Louis, Missouri, stated quantities of marijuana.

With retained counsel, Miller entered a plea of not guilty. He waived jury trial in line with the requirements of Rule 23(a), Fed.R.Crim.P. On June 28, 1967, the district court found the defendant guilty on all three counts. In July the court imposed a sentence of 5 years on each count, the sentences to run concurrently. The defendant appeals. He has been at large on bond pending his appeal.

After the notice of appeal was filed there were defense delays and dilatoriness in the appeal process which were insufficiently explained and which we do not condone. The government not inappropriately made motions to dismiss. Some of these were denied without prejudice to renew. We have deferred action on the last such motion and now, for obvious considerations of ultimate justice, we deny it.

Prior to the time the appeal was argued orally to us the Supreme Court, 392 U.S. 903, 88 S.Ct. 2058, 20 L.Ed.2d 1362 (1968), granted certiorari as to certain constitutional issues present in Leary v. United States, 383 F.2d 851 (5 Cir. 1967) [and 392 F.2d 220 (5 Cir. 1968)]. Later, it noted probable jurisdiction in United States v. Covington, 282 F.Supp. 886 (S.D.Ohio 1968), and set that case for argument immediately following *Leary.* 393 U.S. 910, 89 S.Ct. 238, 21 L.Ed.2d 197 (1968). Because of

the identity of the constitutional issue, which we found to exist in Miller's case, with a constitutional issue present in both *Leary* and *Covington,* we deferred decision until the Supreme Court had heard and decided the *Leary* and *Covington* cases. Those cases have now come down, Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), and we are in a position to rule upon Miller's appeal.

The defense urges the insufficiency of the evidence and the Fifth Amendment unconstitutionality of §§ 4741(a) and 4744(a) because of their self-incrimination aspects.

The case is controlled by our decision in Becton v. United States, 412 F.2d 1005, decided this day. Here, as there, the defense concedes that the issue of unconstitutionality was not urged in the trial court. The government's brief specifically incorporates the pertinent portion of the brief filed with the Supreme Court by the Department of Justice in the *Leary* case and, also, that portion of the government's brief in the *Becton* case which relates to the constitutional issue.

We are constrained to hold here, as we did in *Becton,* that, under all the circumstances, Miller by his inaction in the trial court did not waive his constitutional privilege against self-incrimination, and that the application of 26 U.S.C. §§ 4741(a) and 4744(a) to Miller is violative of that Fifth Amendment privilege.

The judgment of conviction is reversed.