Oscar Henry **BAKER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 19246.**

United States Court of Appeals
Eighth Circuit.

July 3, 1969.

Rehearing Denied July 28, 1969.

Robert G. Duncan, of Pierce, Duncan, Beitling & Shute, Kansas City, Mo., for appellant.

Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., for appellee; Charles E. French, Asst. U. S. Atty., on the brief.

Before VOGEL, LAY and BRIGHT, Circuit Judges.

PER CURIAM.

Appellant-defendant, Oscar Henry Baker, appeals from judgments of conviction, in a jury-waived trial on February 8, 1968, on the following counts of a multiple-count indictment: (I) Conspiracy to sell marijuana, amphetamine, and LSD, in violation of 18 U.S.C.A. § 371; (II) the sale of amphetamine, in violation of 21 U.S.C.A. §§ 321(v) (2) and 331(q) (2); (III) possession for the purpose of sale of amphetamine, in violation of 21 U.S.C.A. § 331(q) (3);[1] and (V) the transfer of marijuana without a written order on a form issued by the Secretary of the Treasury, in violation of 26 U.S.C.A. § 4742(a). Appellant was sentenced to one year's imprisonment for each of the convictions under counts I, II and III and five years' imprisonment for conviction under count V.[2] All sentences were to be served concurrently.

1. Appellant was found not guilty of violation of count IV, which charged the acquisition of marijuana without payment of the tax thereon, in violation of 26 U.S.C.A. § 4744(a) (1).

2. The sentence for count V is the minimum under 26 U.S.C.A. § 7237(b).

Appellant's counsel limited his oral argument in this court to count V and suggested that the appeal of the convictions under counts I, II and III be considered moot because appellant had substantially served his one-year concurrent sentences under those counts.[3] We find it improper to dismiss as moot appellant's appeal of his convictions under counts I, II and III, see Sibron v. New York, 1969, 392 U.S. 40, 50–58, 88 S.Ct. 1889, 20 L.Ed.2d 917, and have accordingly examined the entire record for error.

Appellant contends that the evidence as to all counts was insufficient to support conviction; that he was a "tool" of a government agent; that his conduct, if illegal, was condoned; and that he was entrapped. Appellant did not testify and he offered no testimony in his own behalf. The trial transcript consists solely of the testimony of agents of the Bureau of Drug Abuse Control and exhibits which they obtained either from or through appellant. It yields no support to appellant's contentions. The convictions under counts I, II and III are therefore affirmed.

In Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, and United States v. Covington, 1969, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed. 2d 94, the Supreme Court reversed convictions under 26 U.S.C.A. § 4744(a) because that section of the Marijuana Tax Act violated the Fifth Amendment privilege against self-incrimination. We think it clear that there is no significant distinction for purposes of the Fifth Amendment privilege between 26 U.S.C. A. § 4744(a) and 26 U.S.C.A. § 4742(a), upon which appellant's count V conviction is based. Although appellant did not assert his right against self-incrimination at the trial, we deem it only "just under the circumstances" to reverse his conviction on count V through application of 28 U.S.C.A. § 2106. See, Harris v. United States, 8 Cir., 1968, 390 F.2d 616, 617. Cf., our opinions recently filed in Becton v. United States, 8 Cir., 412 F. 2d 1005 and Miller v. United States, 8 Cir., 412 F.2d 1008.

It is so ordered.

---

3. After appellant had served his sentences under counts I, II and III and upon his *pro se* motion, this court granted appellant's release on his own recognizance.