Howard Eugene ROWELL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19388.

United States Court of Appeals Eighth Circuit.

Rehearing Denied Aug. 20, 1969.

July 23, 1969.

---

Rowell filed, under 28 U.S.C. § 2255 in the United States District Court for the Western District of Missouri, a motion to vacate and set aside the judgment of his conviction theretofore entered by that court. The district court overruled the motion from which order Rowell brings this appeal.

The contention is made that the statutes under which Rowell was convicted are unconstitutional, as his compliance therewith would have compelled him to incriminate himself in violation of his Fifth Amendment rights. Subsequent to the hearing in the district court the Supreme Court handed down its decisions in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), both decisions dealing with the Marihuana Tax Act, 26 U.S.C. § 4741 et seq.

Robert J. Koster, St. Louis, Mo., for appellant.

William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellee; Calvin K. Hamilton, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., on the brief.

Before MATTHES, MEHAFFY and LAY, Circuit Judges.

PER CURIAM.

Howard Eugene Rowell's conviction for violations of 26 U.S.C. §§ 4742(a) and 4744(a) were affirmed by this court in Rowell v. United States, 368 F.2d 957 (8th Cir. 1966), cert. denied, 386 U.S. 1009, 87 S.Ct. 1353, 18 L.Ed.2d 438 (1967).[1]

Rowell did not prior to trial or upon appeal to this court from his conviction raise the question of his privilege against self-incrimination, but raised the issue for the first time in his motion to the district court, which is the subject of this appeal. The Government does not challenge Rowell's standing to raise the constitutional issue now. In Becton v. United States, 412 F.2d 1005 (8th Cir. June 27, 1969), this court held that where there is no indication in the record that the defendant waived his right to raise the Fifth Amendment privilege, it is entirely appropriate and "just under the circumstances" to pass upon the constitutional issue. To the same effect, see United States v. Covington, *supra,* and Miller v. United States, 412 F.2d 1008 (8th Cir. June 27, 1969).

1. Section 4742(a) provides:
   "It shall be unlawful for any person * * * to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."
   Section 4744(a) provides:
   "It shall be unlawful for any person who is a transferee required to pay the

   transfer tax imposed by section 4741 (a)—

   "(1) to acquire or otherwise obtain any marihuana without having paid such tax, or

   "(2) to transport or conceal, or in any manner facilitate the transportation or concealment of, any marihuana so acquired or obtained."

■ There is no indication in this record that Rowell waived his Fifth Amendment rights and it is appropriate therefore that we pass upon the constitutional issue as now raised.

■ Following *Leary* and *Covington,* this court held in *Becton, supra,* and *Miller, supra,* handed down simultaneously with *Becton,* that the attempted application of § 4744(a) is unconstitutional as violative of the Fifth Amendment privilege against self-incrimination.

More recently, another panel of this court held in Baker v. United States, 412 F.2d 1010 (8th Cir. July 3, 1969), that there is no significant difference between § 4744(a) and § 4742(a), and that the Fifth Amendment, when timely raised, is a complete defense to a charge brought under § 4742(a).

These recent decisions of this court are thus controlling and require that this case be reversed and remanded for entry of an order granting petitioner's motion to set aside the judgment of conviction.