Robert J. Hennessey, Minneapolis, Minn., for petitioner.

Robert G. Renner, U. S. Atty., and Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for respondent.

### MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Willard D. Barrett whose petition for relief from sentence pursuant to 28 U. S.C. § 2255 (1964) was denied by the Court, Barrett v. United States, 300 F. Supp. 1060 (D.Minn.1969), now requests a rehearing to enable the Court to reconsider that denial in light of two recent decisions by the Eighth Circuit Court of Appeals announced after *Barrett*.

Petitioner contends that the Eighth Circuit's decisions in Baker v. United States, 412 F.2d 1010 (8th Cir. 1969) and Rowell v. United States, 415 F.2d 300 (8th Cir. 1969) recognize no distinction in effect between 26 U.S.C. §§ 4742(a) and 4744(a) (1964), dealing with the Marihuana Tax Act, 26 U.S.C. § 4741 et seq. The Circuit Court held that just as § 4744(a) requires a transferee to incriminate himself, so does §

**Willard D. BARRETT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**4–69–Civ–178.**

United States District Court
D. Minnesota,
Third Division.

Dec. 30, 1969.

4742(a) require a transferor to subject himself to self-incrimination through compliance with the mandates of that section. Petitioner Barrett was convicted of transferring marijuana in violation of 26 U.S.C. § 4742(a) and argued in his petition that the section violated his rights against self-incrimination. He now asserts that his petition for relief from sentence should be granted in view of the *Baker* and *Rowell* decisions, supra.

This very point was determined by the Supreme Court of the United States in Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283. That decision holds that the requirements of 26 U.S.C. § 4742(a) do not violate marijuana transferors' rights against self-incrimination. That determination is controlling and requires that petitioner's request for relief from sentence be denied.