Jose Gonzalez PEREZ, Petitioner,

v.

UNITED STATES of America, Respondent.

Francisco RIVAS, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. 69 Civ. 3707, 70 Civ. 411.

United States District Court, S. D. New York.

March 19, 1970.

**PALMIERI, District Judge.**

Petitioners are federal prisoners presently incarcerated at the federal penitentiary, Lewisburg, Pennsylvania. They attack their detention by way of separate motions to vacate sentence pursuant to 28 U.S.C. § 2255. The petitions are considered together because of similar factual backgrounds and a common question of law raised as the single issue in each.

Petitioners were convicted on June 14, 1966, after a joint trial by jury, of conspiracy to receive, conceal, and facilitate the transportation of marijuana, and of the unlawful receipt and concealment of marijuana, all in violation of 21 U.S.C. § 176a. Gonzalez Perez was sentenced by this Court on July 18, 1966, to a term of imprisonment of ten years; Rivas was sentenced by this Court on the same date to five years imprisonment.

Each petitioner contends that his conviction cannot stand in light of the Supreme Court decision in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), since the conviction was based upon use of the same presumption contained in section 176a which the Supreme Court found to be unconstitutional. Section 176a provides, in material part, that possession of marijuana is deemed sufficient evidence of a defendant's knowledge that the marijuana has been illegally imported. The Supreme Court held in *Leary* that this presumption of knowledge of illegal importation was irrational and arbitrary, and thus unconstitutional as a violation of due process. Leary had been arrested on December 22, 1965, and was convicted before mid-1967.

Although petitioners' convictions and sentences occurred almost contemporaneously with that of Leary, the issue before this Court is whether the Supreme Court decision in *Leary* should apply retroactively to prosecutions terminated before the date of that decision, May 19, 1969. In approaching this issue the Court must consider the primary purpose to be served by the new standard, the extent of reliance placed on the validity of the old standard by the Government, and the effect that a decision to grant retroactivity would have upon the present administration of justice. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967);

Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1968); Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). However, primary consideration is to be given to the purpose to be served by the new rule. Desist v. United States, *supra*. Retroactive application is justified where the new rule affects the integrity of the fact finding process so as to render it unreliable. Johnson v. New Jersey, 384 U.S. 719, 727–728, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

■ The finding of the Supreme Court in *Leary*, that the presumption of knowledge of illegal importation of marijuana is unconstitutional as irrational and arbitrary goes to the very heart of the reliability of the fact finding process. Through use of the presumption, the Government was relieved of the obligation to offer proof beyond a reasonable doubt of a material element of the offense charged. When the mechanism by which the Government was relieved of that burden is thereafter found to be irrational and arbitrary, the reliability of convictions obtained via the presumption is brought into serious question. And there would be no rational basis for a different conclusion with respect to a conviction which occurred almost simultaneously with that vacated by the Supreme Court in *Leary*.

In these circumstances the reliance of law enforcement officials on previous standards, and the impact, probably extensive, which a decision to grant retroactive application will have upon the adminstration of justice, do not outweigh the damage done to the integrity of the fact finding process by prior use of the section 176a presumption. Roberts v. Russell, *supra*.

In addition the Court notes that the *Leary* decision has been held retroactive in other contexts. Santos v. United States, 417 F.2d 340, 346 (7th Cir. 1969), rev'd on other grounds, 397 U.S. 46, 90 S.Ct. 811, 25 L.Ed.2d 36 (February 24, 1970); Rowell v. United States, 415 F.2d 300 (8th Cir. 1969), petition for cert. filed Nov. 18, 1969, 397 U.S.

1407, 90 S.Ct. 1407, 25 L.Ed.2d 642 (November 25, 1969) (No. 863); United States v. Sorenson, 308 F.Supp. 1268 (E.D.N.Y., opinion of Bartels, J. filed Jan. 27, 1970). But see United States v. Scardino, 414 F.2d 925 (5th Cir. 1969) (dictum).

Motion to vacate judgment of conviction and sentence granted in each case. The Court orders that each petitioner be released from federal custody unless he is retried or an appeal is taken from this order within thirty days from the date of entry hereof.

It is so ordered.