**John Albert LIGUORI, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 70 Civ. 1055.**

United States District Court,
S. D. New York.

July 1, 1970.

See also D. C., 246 F.Supp. 530.

John Albert Liguori, pro se.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, New York City, for the United States; Jay S. Horowitz, Asst. U. S. Atty., of counsel.

OPINION

EDWARD WEINFELD, District Judge.

The present motion by petitioner is labelled a motion for rehearing of the court's decision of May 7, 1970, which dismissed his petition for a writ under 28 U.S.C., section 2255. That petition alleged that the invalid statutory presumption of 21 U.S.C., section 176a, coerced his waiver of jury trial. The present petition questions the validity of the conviction itself and hence may be considered for all practical purposes a new writ.

Petitioner was convicted following a nonjury trial on three counts: (1) receipt, concealment, purchase, sale or transportation of illegally imported cocaine, in violation of 21 U.S.C., sections 173, 174; (2) purchase, sale, dispensation, distribution of cocaine not in or from the original stamped package, in violation of 26 U.S.C., section 4704(a); and (3) receipt, concealment, purchase, sale or transportation of illegally imported marihuana, in violation of 21 U. S.C., section 176a. He received concurrent five year sentences on counts 1 and 3 and a concurrent two year sentence on count 2. Sentence was imposed July 21, 1966. The conviction was affirmed on February 14, 1967, United States v. Liguori, 373 F.2d 304 (2d Cir. 1967), and petitioner surrendered on March 27 of that year. Petitioner has already served three years and three months of his sentence.

Petitioner's conviction was based upon the mailing of small quantities of cocaine and marihuana from New York to Florida. A substantial issue in the case was whether it was petitioner who mailed the drugs. Establishment of that fact supported a finding of possession which, with the statutory presump-

tions, led to the further finding of the elements of illegal importation and petitioner's knowledge thereof.

Subsequent to petitioner's conviction, the Supreme Court, in *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), held that the inference of knowledge of illegal importation of marihuana from mere possession was impermissible. And in *Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L. Ed.2d 610 (1970), it also held that the presumptions as to cocaine under sections 173 and 4704(a) were invalid, at least as applied to small quantities of that drug. Petitioner here contends that as a result of *Leary* and *Turner* his convictions cannot stand. As there was no direct evidence introduced to show that the marihuana and cocaine were illegally imported, or that the petitioner knew they were illegally imported, the writ must issue unless those decisions are not to be retroactively applied. However, the invalidity of these presumptions goes directly to the integrity of the fact-finding process; hence, as every other court which has considered the precise question has held, *Turner* and *Leary* (in this aspect) must be given full retroactive application. *See* United States v. Scott, 425 F.2d 55 (9th Cir. 1970) (en banc) (8–5) (*Leary;* § 176a); United States v. Vallejo, 312 F.Supp. 244 (S.D.N.Y.1970) (MacMahon, J.) (*Turner;* §§ 174 & 4704(a); cocaine); Perez v. United States, 315 F. Supp. 972 (S.D.N.Y.1970) (Palmieri, J.) (*Leary;* § 176a); United States v. Sorenson, 308 F.Supp. 1268 (E.D.N.Y.1970) (Bartels, J.) (*Leary & Turner;* § 174; "demerol").[1]

The application is granted; the judgment of conviction is vacated as to counts 1 and 3,[2] and the petitioner is ordered discharged from custody. The writ is stayed for a period of five days to permit the government, if so advised, to apply for a stay in the event it decides to appeal from this determination.

---

1. *Leary* also struck down a conviction under a section of the Marihuana Tax Act, 26 U.S.C. § 4744(a) (2), on self-incrimination grounds. Courts have divided on whether that aspect of the decision should be given retroactive effect. *Compare* Santos v. United States, 417 F.2d 340 (7th Cir. 1969), reversed on other grounds, 397 U.S. 46, 90 S.Ct. 811, 25 L.Ed.2d 36 (1970) (per curiam), *and* Rowell v. United States, 415 F.2d 300 (8th Cir. 1969), reversed on other grounds, 397 U.S. 662, 90 S.Ct. 1407, 25 L.Ed.2d 642

(1970) (per curiam), *with* United States v. Scardino, 414 F.2d 925 (5th Cir. 1969), *and* Barrett v. United States, 300 F.Supp. 1060 (D.Minn.1969). This court, of course, does not consider that question.

2. As to count 2, the cocaine tax count, under which petitioner was sentenced to a two year term to run concurrently with the five year sentences imposed under counts 1 and 3, his sentence has already been served.