## Arthur H. OTEY, Appellant,

v.

## UNITED STATES of America, Appellee.

### No. 20538.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 27, 1968.

Decided Sept. 10, 1969.

---

1. 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969).

Mr. Sol Rosen, Washington, D. C. (appointed by this court) for appellant.

Mr. Daniel J. Givelber, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee. Messrs. John A. Terry and James A. Treanor, III, Asst. U. S. Attys., also entered appearances for appellee.

Before BAZELON, Chief Judge, and TAMM and LEVENTHAL, Circuit Judges.

PER CURIAM:

Appellant was arrested in a laundromat on October 5, 1965, on a warrant charging him with unlawful possession and sale of marijuana.[1] A search of his person produced a small leather pouch containing four tablets of methedrine. Immediately thereafter, he was taken by the arresting officers to a small room

---

1. The subject matter forming the basis for the warrant resulted in other charges and is not before us here. *See* Bush and Otey v. United States, 126 U.S.App. D.C. 174, 375 F.2d 602 (1967).

at the back of the laundromat, where further search disclosed a quantity of marijuana seeds and 23 tablets and two vials of phenobarbitol.

On the basis of this evidence, he was convicted after trial without a jury of possession of the marijuana seeds [2] and of possession of dangerous drugs without a prescription,[3] and sentenced to concurrent terms of five and one years, respectively. He challenges the sufficiency of the warrant under which he was arrested, the legality of the search incident to his arrest, and the constitutionality under the Fifth Amendment of his conviction for possession of marijuana.

█ Appellant argues, and the Government agrees, that Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), is dispositive of the marijuana conviction. The Supreme Court there held that "a timely and proper assertion of the privilege [against self-incrimination provides] a complete defense to prosecution under [26 U.S.C.] § 4744(a) (2)." [4] Appel-

lant's claim of privilege here was timely. Although "it would have been preferable for [appellant] to have asserted the privilege at trial," Leary, supra, 395 U.S. at 27, 89 S.Ct., at 1543, the Fifth Circuit had just recently upheld the statute against an identical attack.[5] The Supreme Court's decisions in Marchetti v. United States,[6] Grosso v. United States,[7] and Haynes v. United States,[8] which may have presaged the decision in Leary, were then more than a year in the future. In the circumstances, it is hard to see how appellant's failure to raise the privilege at trial could amount to a knowing waiver.[9] Accordingly, the conviction under 26 U.S.C. § 4744(a) must fall.

█ There remains the conviction for possession of dangerous drugs.[10] Appellant strongly urges that the description on the John Doe warrant under which he was arrested was insufficient to give the arresting officers grounds to take him into custody.[11] But the warrant was made out for one "John Doe alias Ortegas." At the hearing on the motion to

2. 26 U.S.C. § 4744(a) (1964).

3. 33 D.C.Code § 702(a) (4) (1967).

4. Leary v. United States, supra, 395 U.S. at 27, 89 S.Ct., at 1543. Although the language quoted refers specifically to subsection (a) (2) of the statute, we can see no basis for distinction between this and subsection (a) (1).

5. Haynes v. United States, 339 F.2d 30 (5th Cir. 1964), cert. denied, 380 U.S. 924, 85 S.Ct. 926, 13 L.Ed.2d 809 (1965).

6. 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968).

7. 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).

8. 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

9. There was of course no finding below on the waiver issue. But "[s]ince the record is barren of any evidence on which a finding of waiver of the privilege against self-incrimination might properly be predicated, and since, absent such a waiver, reversal of the conviction would

be inevitable," Grosso v. United States, supra, 390 U.S. at 71, 88 S.Ct., at 715, a remand for determination of that issue would be time-consuming and useless.

10. The Government would have us treat the conviction for possession of dangerous drugs as moot, since appellant has completed service of his sentence on that charge. But "a criminal case is moot only if it is shown that there is no possibility than any collateral legal consequences will be imposed on the basis of the challenged conviction." Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968). Since 33 D.C.Code § 708(a) expressly provides for harsher penalties for a second conviction of possession of dangerous drugs, the conviction here is clearly not moot.

11. Since Leary v. United States, supra, did not invalidate the statute on which the arrest warrant was based, but merely held that timely assertion of the privilege against self-incrimination provided a complete defense to prosecution under it, we are not here faced with any question of an arrest under an unconstitutional statute.

suppress, the arresting officer testified that before he had placed appellant under arrest, he asked "Are you Ortegas?" Appellant, he said, answered "Yes." Although appellant denied that any such conversation took place, we see nothing on this record that would justify us in reversing the trial court's resolution of this conflicting testimony.

■■ The search of appellant's person was, therefore, a valid one. Consequently, we need not decide whether the search of the back room was illegal.[12] For assuming that admission of the drugs there found was error, we believe that in this case it was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065 (1967). Appellant's defense made no distinction between the drugs found on his person and those in the back room. He was charged and convicted on a single count of possession of dangerous drugs. We can find no reason to believe that a different result might have been reached had the drugs in the back room been suppressed.

The conviction for possession of marijuana is reversed; the conviction for possession of dangerous drugs is affirmed.

12. *See* Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).