George **X. RAMSEUR,** Petitioner-Appellant,

v.

**UNITED STATES** of America, **Respondent-Appellee.**

No. 18824.

United States Court of Appeals, Sixth Circuit.

April 8, 1970.

George X. Ramseur, Jr., in pro. per.

J. H. Reddy, U. S. Atty., W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., on brief for respondent-appellee.

Before WEICK, Chief Judge, and PECK and COMBS, Circuit Judges.

JOHN W. PECK, Circuit Judge.

Petitioner-appellant was charged by indictment with violation of Title 26, §§ 4744(a) (1) and 4742(a), possession of and aiding and abetting in the transfer of marijuana, and was found guilty thereof by a jury.

Appellant appealed to this court, raising these issues: illegal search and violation of constitutional rights since Negroes and women were excluded from the jury. We affirmed the conviction, United States v. Ramseur, 378 F.2d 902 (1967).

Appellant subsequently sought relief in the District Court by a motion to vacate (28 U.S.C. § 2255) and for the first time contended that his conviction under the Marijuana Tax Law violated his privilege against self-incrimination. The District Court denied his motion, relying on Leary v. United States, 383 F.2d 851 (5th Cir. 1967), a case dealing with marijuana tax laws in which Leary had been charged under 26 U.S.C. § 4744(a) (2), and held that since he did not raise the self-incrimination issue at trial or on appeal, it was too late to raise such defense in a § 2255 proceeding. The appeal here considered is from that determination.

The Supreme Court reversed Leary, holding that where compliance with transfer tax provisions of the Marijuana Tax Act would have exposed defendant to prosecution under state narcotics laws, the plea of self-incrimination was a complete defense in prosecution for noncompliance with the law. Leary v.

United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

In a companion case, United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), the Supreme Court affirmed the District Court's dismissal of the indictment against Covington charging him with a violation of § 4744(a) (1). In a footnote, the Court stated that there was no significant distinction between § 4744(a) (2) in Leary and § 4744(a) (1). 395 U.S. at 59.

Appellant here was also charged with violation of § 4742(a) and neither Leary nor Covington dealt with that section.[1] In a later Supreme Court case, Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969), the Court dealt with a situation where a defendant was convicted under § 4742(a).[2] In Buie, the Court held that the Fifth Amendment privilege against self-incrimination was not violated by the seller complying with this statute.

The Supreme Court has made a distinction between these two statutes because under § 4742(a) the person is a seller or transferor (Buie), while under § 4744 the person is a buyer or transferee (Leary). The Supreme Court in Buie concluded that there was no real and substantial possibility that purchasers would be willing to comply with the order form requirement even if their seller insisted on selling only pursuant to the form prescribed by law. 396 U.S. at 91, 90 S.Ct. 284.

■ It is here determined that the self-incrimination argument presented by appellant as to his conviction under § 4742(a) is not substantial, Buie v.

1. *Leary* and *Covington* dealt with this statute:

 "§ 4744. Unlawful possession

 "(a) Persons in general.—It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(a)—

 (1) to acquire or otherwise obtain any marihuana without having paid such tax, or

 (2) to transport or conceal, or in any manner facilitate the transportation or

concealment of, any marihuana so acquired or obtained."

2. "4742. Order forms

 "(a) General requirement.—It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."

United States, 396 U.S. 87, 90 S.Ct. 284 (1969).

As has been above indicated, appellant's conviction as a transferee of marijuana under Section 4744(a) (1) presents separate issues. *Covington* and *Leary* hold that the Fifth Amendment privilege against self-incrimination provides a complete defense to a charge of violation of Sections 4744(a) (1) and 4744(a) (2) (as we have mentioned, the Supreme Court makes no distinction between these subparagraphs for purposes of determining Fifth Amendment privileges) "unless the plea is untimely, the defendant confronted no substantial risk of self-incrimination, or the privilege has been waived." United States v. Covington, *supra,* 395 U.S. at 59, 89 S. Ct. at 1560. An additional question is whether relief under *Covington* and *Leary* is to be made available to appellant in this motion to vacate sentence or whether those cases are to be given prospective application only.

Similar threshold questions were faced by this Court sitting en banc in United States v. Whitehead, 424 F.2d 446 (6th Cir., decided March 3, 1970).[3] The issue in that case which is here pertinent concerned the application of two decisions of the Supreme Court in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). Those cases hold that disclosures required to be made in order to comply with certain federal tax laws relative to gambling constituted self-incrimination violative of the Fifth Amendment rights. Judge Edwards speaking for the majority stated, "Turning to the constitutional issue,

we note that appellant herein did not seek to raise the Fifth Amendment privilege at trial. Nonetheless, we do not consider the privilege to have been waived in this case and we elect to decide this issue on its merits [citing cases]." Similarly, and as have other courts which have considered the question, we here do not choose to reject the plea as untimely,[4] nor do we consider the privilege to have been waived. Furthermore, it is clear that as a transferee of marijuana appellant confronted a substantial risk of self-incrimination. Tenn.Code Ann. § 52–1301 et seq. (1966). We therefore turn to a consideration of the applicability of *Covington* and *Leary.*

Our opinion in Graham v. United States, 407 F.2d 1313 (1969) opens with this sentence: "This appeal presents squarely for the first time in this court the contention that the decisions of the United States Supreme Court in the *Marchetti* and *Grosso* cases should be applied with unlimited retroactivity." We therein examined the criteria for resolution of that issue as outlined by the Supreme Court in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and held (407 F.2d 1315):

"We have considered these criteria and believe that a) the purposes outlined for the reversing decisions in *Marchetti* and *Grosso* will be adequately served by applying them largely prospectively (i. e., so as not to require reversal and retrial of cases wherein judgments had become final as of the date of the *Marchetti* and *Grosso* decisions); b) obviously law enforcement authorities prior to these cases relied implicitly (and had reason

---

3. Because of some similarity in the issues, disposition of the present case has been delayed pending the decision in *Whitehead.*

4. In the following cases the self-incrimination issue was raised for the first time on appeal and the Courts of Appeals held the defense to be timely: Becton v. United States, 412 F.2d 1005 (8th Cir. 1969); United States v. Lopez, 414 F.2d

272 (2d Cir. 1969). The plea has also been found to be timely on motion to vacate (28 U.S.C. § 2255): Rowell v. United States, 415 F.2d 300 (8th Cir. 1969), petition for cert. filed, 38 U.S. L.W. 3304 (U.S. Nov. 18, 1969) (No. 873); United States v. Santos, 417 F.2d 340 (7th Cir. 1969), vacated, 397 U.S. 46, 90 S.Ct. 811, 25 L.Ed.2d 36 (U.S. Feb. 24, 1970).

to do so) upon the prior holdings of the United States Supreme Court in [United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1963)] and [Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955)]; and c) the impact of unlimited retroactivity upon the administration of justice would be substantial and adverse."

In the present case the judgment of conviction had become final well over four years prior to the May 19, 1969, *Covington* and *Leary* decisions.

 Applying the criteria decreed in Stovall v. Denno, *supra*, to the present case as we were guided by them in *Graham* it is concluded that *Covington* and *Leary* should be applied "largely prospectively" and that they do not require vacation of appellant's conviction under Section 4744(a) (1).

Affirmed.