**Tyrone Delnore HOUSER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 20053.

United States Court of Appeals, Sixth Circuit.

May 27, 1970.

Tyrone Delnore Houser, in pro per.

Charles H. Anderson, U. S. Atty., Ames Davis, Asst. U. S. Atty., Nashville, Tenn., for appellee.

Before EDWARDS and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

The sole question on this appeal is whether the rule of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57, should be retroactively applied to the case of Tyrone Delnore Houser, the petitioner-appellant. On December 10, 1968, the appellant pleaded guilty to one count of a four count indictment charging him with knowingly transporting, concealing and facilitating the transportation and concealment of approximately four pounds of marijuana without having paid the transfer tax, in violation of Section 4744(a) (2), Title 26,

United States Code. The other three counts of the indictment were dismissed.

The opinion of the Supreme Court in Leary v. United States, supra, was announced in May, 1969. There, the Court held that a timely and proper assertion of the Fifth Amendment privilege against self incrimination was a complete defense to a prosecution under Section 4744(a) (2). Assuming that the appellant can be excused for not claiming the privilege, the Leary case not having been decided at the time he entered his plea, the rule in the Leary case is concededly applicable to him.

The district judge in denying the appellant's petition for a writ of habeas corpus said:

"In Stovall v. Denno, 388 U.S. 293, 297 [87 S.Ct. 1967, 18 L.Ed.2d 1199] (1967), the Supreme Court outlined the considerations which affect its judgment as to whether a case reversing prior accepted doctrines should be applied with unlimited retroactivity:

'The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.'

"The Court has considered these criteria, and believes that (a) the purposes outlined in the Supreme Court's decision in Leary will be adequately served by applying them prospectively, so as not to require judicial review of earlier cases; (b) law enforcement agencies have obviously relied on earlier cases upholding the constitutionality of this section; and (c) the impact of unlimited retroactivity upon the administration of justice would be unfavorable."

We agree with the district judge and affirm the judgment of the District Court on the basis of the rule of this Circuit in Graham v. United States, 407 F.2d 1313.