**Dale MILLER, Petitioner-Appellee,**

v.

**UNITED STATES of America,
Respondent-Appellant.**

No. 20522.

United States Court of Appeals,
Sixth Circuit.

Jan. 25, 1971.

Allan P. Mackinnon, Dept. of Justice, Washington, D. C., for respondent-appellant; Robert B. Krupansky, U. S. Atty., Cleveland, Ohio, Will Wilson, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., on brief; Allan P. Mackinnon, Atty., Dept. of Justice, Washington, D. C., of counsel.

Henry D. Light, Cleveland, Ohio, for petitioner-appellee; Harry E. Youtt, Defender's Office, Cleveland, Ohio, on brief.

Before EDWARDS and CELE-BREZZE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

The United States appeals from the grant of a petition for vacation of sentence issued by a District Judge in the United States District Court for the Northern District of Ohio, Eastern Division.

Appellee, Dale Miller, was indicted in 1967 for violating 26 U.S.C. § 4742(a) (1964) by selling 105 grams of marijuana. He was subsequently indicted for violating 26 U.S.C. § 4744 (1964) by possessing the same 105 grams. He then pled guilty to the latter offense, whereupon the selling offense was dismissed. He received a sentence of five years. Miller had previously been convicted of violating § 4742(a) (1964) by selling marijuana.

In 1969 the United States Supreme Court decided Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), holding that the registration provisions of 26 U.S.C. § 4744 (and related sections) violated the Fifth Amendment. Appellant thereafter filed a petition for writ of habeas corpus which was heard by a District Judge in the United States District Court in Cleveland. In his petition he claimed that the benefit of the Leary decision should be applied retroactively to vacate his sentence.

The District Judge, in an opinion reported at 311 F.Supp. 705 (N.D.Ohio 1970), granted the petition for writ of habeas corpus, holding that Leary should be applied retroactively. His opinion appears generally to disagree with this court's views on the retroactivity problem expressed in Graham v. United States, 407 F.2d 1313 (6th Cir. 1969), but the District Judge did not at that time have the benefit of the specific retroactivity holdings of this court in relation to the Leary problem in Houser v. United States, 426 F.2d 817 (6th Cir. 1970), and Ramseur v. United States, 425 F.2d 413 (6th Cir. 1970). In these two cases different panels of this court decided the retroactivity problem concerning Leary squarely opposite to the

**1200**

view taken by the District Judge in this case.

While we recognize that the circuits have divided on the retroactivity issue, and that ultimate decision is one to be made by the United States Supreme Court, pending that decision we now adhere to the above cited precedents established in the Sixth Circuit.

The judgment of the District Court is vacated and the case is remanded for dismissal of the petiton for writ of habeas corpus.