**Larry G. SCOGIN, Appellee,**

**v.**

**UNITED STATES of America,
Appellant.**

**No. 19903.**

United States Court of Appeals,
Eighth Circuit.

July 20, 1971.

Calvin K. Hamilton, Asst. U. S. Atty., Kansas City, Mo., for appellant.

Ronald M. Sokol, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, Mo., for appellee.

Before MATTHES, Chief Judge, HEANEY, Circuit Judge, and VAN PELT, District Judge.*

MATTHES, Chief Judge.

On September 8, 1967, appellee Scogin entered a plea of guilty in the United States District Court for the Western District of Missouri to unlawfully acquiring marihuana without paying the required transfer tax in violation of 26 U.S.C. § 4744(a) (1), and on January 12, 1968, the court imposed a sentence of seven years imprisonment for that violation.[1] No appeal was taken from the judgment of conviction and sentence.

Thereafter, in United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L. Ed.2d 94 (1969), the companion case to Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the Supreme Court held that a timely assertion of the privilege against self-incrimination is a complete defense to prosecution under 26 U.S.C. § 4744(a) (1). On July 10, 1969, Scogin filed a motion in the district court pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence on the ground that under the Covington and Leary decisions, his Fifth Amendment privilege against self-incrimination precluded his punishment under 26 U.S.C. § 4744(a). In a final order entered August 12, 1969, the district court granted Scogin's motion.

The government appeals and contends: (1) that the Leary and Covington decisions should not be applied retroactively; (2) that the defense of self-incrimination was not timely raised; and (3) that by entering a plea of guilty, Scogin waived the defense of self-incrimination.

Since the series of decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968); Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), the question of the retroactivity of these holdings has been troublesome and has resulted in conflicting decisions within the lower courts.

■ However, we are constrained to believe that the government's position that Leary and Covington should be given prospective application only has been undermined by the Supreme Court's recent decision in United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971).[2] In Coin and Currency, the United States had instituted a forfeiture proceeding to obtain a sum of money found in the possession of the defendant at the time of his arrest for failing to register as a

---

* Senior District Judge, United States District Court, District of Nebraska, sitting by designation.

1. Scogin was charged by indictment in 15 counts with violations of 18 U.S.C. §§ 2 and 371, 21 U.S.C. §§ 331 and 333 and 26 U.S.C. § 4744(a) (1). At the same time he pled guilty to the § 4744(a) (1) charge, he also pled guilty to Count II of the indictment which charged him with unlawful possession for the purpose of sale of a depressant or stimulant drug in violation of 21 U.S.C. § 331(q) (3). He received a one year sentence on this count. The remaining 13 counts were dismissed.

2. We do not view the Supreme Court's decision in Mackey v. United States, 401

U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971) as controlling on the question of retroactivity. In Mackey, the Supreme Court held that Marchetti and Grosso would not be applied retroactively to overturn the petitioner's conviction for income tax evasion in which the prosecution had used wagering tax forms petitioner had filed, as required by the statute, in order to show that the amount of wagers reported exceeded the gambling profits reported on his income tax returns. In Mackey, however, as distinguished from the case before us and from the United States Coin and Currency case, the petitioner was not seeking relief from penalization for conduct constitutionally immune from punishment by virtue of the Marchetti-Grosso rule.

gambler and to pay the related gambling tax required by 26 U.S.C. §§ 4411, 4412 and 4901. The Court found that in a forfeiture proceeding of this nature, money liability is predicated upon a finding of the owner's wrongful conduct, that the forfeiture is analogous to payment of a criminal fine for engaging in illegal activity and therefore the Fifth Amendment applies. The Court then held that the decisions in *Marchetti* and *Grosso* would be given retroactive effect so as to allow assertion of the privilege against self-incrimination by the defendant in the forfeiture proceeding. In so holding, the Court stated:

> "Unlike some of our earlier retroactivity decisions, we are not here concerned with the implementation of a procedural rule which does not undermine the basic accuracy of the factfinding process at trial. Linkletter v. Walker, 381 U.S. 618 [85 S.Ct. 1731, 14 L.Ed.2d 601] (1965); Tehan v. Shott, 382 U.S. 406 [86 S.Ct. 459, 15 L.Ed.2d 453] (1966); Johnson v. New Jersey, 384 U.S. 719 [86 S.Ct. 1772, 16 L.Ed.2d 882] (1966); Stovall v. Denno, 388 U.S. 293 [87 S.Ct. 1967, 18 L.Ed.2d 1199] (1967). Rather *Marchetti* and *Grosso* dealt with the kind of conduct that cannot constitutionally be punished in the first instance. These cases held that gamblers in Angelini's position had the Fifth Amendment right to remain silent in the face of the statute's command that they submit reports which could incriminate them. In the absence of a waiver of that right, such persons could not properly be prosecuted at all.

> "Given the aim of the *Marchetti-Grosso* rule, it seems clear that the Government must be required to undergo the relatively insignificant inconvenience involved in defending any lawsuits that may be anticipated. Indeed, this conclusion follows *a fortiori* from those decisions mandating the retroactive application of those new rules which substantially improve the accuracy of the factfinding process at trial. In those cases, retroactivity

was held required because the failure to employ such rules at trial meant there was a significant chance that innocent men had been wrongfully punished in the past. In the case before us, however, even the use of impeccable factfinding procedures could not legitimate a verdict decreeing forfeiture, for we have held that the conduct being penalized is constitutionally immune from punishment. No circumstances call more for the invocation of a rule of complete retroactivity." (Footnotes omitted)

Id. at 723–724, 91 S.Ct. at 1045–1046.

We also take notice that subsequent to its decision in *Coin and Currency*, supra, the Supreme Court declined to review a number of cases pending before it on applications for certiorari, which had given retroactive effect to the new Fifth Amendment rule. United States v. Liguori, 430 F.2d 842 (2d Cir. 1970), cert. denied 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971) (holding *Leary* retroactive); Meadows v. United States, 420 F.2d 795 (9th Cir. 1969), cert. denied 402 U.S. 948, 91 S.Ct. 1607, 29 L.Ed.2d 118 (1971) (holding *Haynes* retroactive); United States v. Lucia, 416 F.2d 920 (5th Cir. 1969), cert. denied 402 U.S. 943, 91 S.Ct. 1607, 29 L.Ed.2d 111 (1971) (holding *Marchetti* and *Grosso* retroactive). Also, we place some significance on the Supreme Court's action in Colton v. United States, No. 413–70, 10th Cir., October 5, 1970, vacated 403 U.S. 916, 91 S.Ct. 2235, 29 L.Ed.2d 693 (1971). The pertinent facts of *Colton* are identical to those in the case before us. Petitioner, by a § 2255 motion, sought to attack a pre-*Leary* conviction entered upon a plea of guilty to violation of 26 U.S.C. § 4744(a). No assertion of the privilege against self-incrimination had been made by petitioner until his § 2255 motion filed subsequent to, and upon the basis of, the *Leary* and *Covington* decisions. The court of appeals found that petitioner was not entitled to relief from his conviction on this belated claim. In a summary order, the Supreme Court

vacated the judgment in *Colton* and remanded to the Tenth Circuit for reconsideration in light of the *Leary* and *Coin and Currency* decisions. We feel that these actions by the Supreme Court, coupled with the language above-quoted in *Coin and Currency*, afford an indicia of the direction the Court is taking on the retrospective application of the Fifth Amendment privilege announced in *Leary* and the related series of cases, at least in those instances where the petitioner is being penalized for past conduct that can no longer constitutionally be punished in the first instance. See United States v. Broadus (D.C.Cir., June 7, 1971).

In both *Leary*, supra, 395 U.S. at 27, 89 S.Ct. 1532 and *Covington*, supra, 395 U.S. at 59, 89 S.Ct. 1559, the Court held that in order for the privilege against self-incrimination to be a complete defense to prosecution under 26 U.S.C. § 4744(a), it must be timely asserted and not waived. The government urges that the Fifth Amendment defense, when initially raised in a post-conviction § 2255 motion, is not timely and further that the defense, being non-jurisdictional, was waived by appellee's plea of guilty. We reject both of these contentions.

■ We think it only just that if *Leary* and *Covington* are to be given a retroactive effect, a § 2255 motion filed subsequent to those decisions should be regarded as a timely assertion of the defense. At the time appellee ·entered his plea of guilty, the Fifth Amendment defense to prosecution under 26 U.S.C. § 4744(a) had not yet been ·established. We are therefore persuaded to conclude that appellee should not "be faulted for failing to anticipate the action of the Supreme Court." United States v. Lig-

uori, supra, 430 F.2d at 847. See also Meadows v. United States, supra; Otey v. United States, 135 U.S.App.D.C. 142, 417 F.2d 559 (1969); United States v. Lucia, supra. Cf. Rowell v. United States, 415 F.2d 300 (8th Cir. 1969), vacated and remanded on other grounds 397 U.S. 662 (1970); [3] Drennon v. United States, 393 F.2d 342 (8th Cir. 1968); Harris v. United States, 390 F.2d 616 (8th Cir. 1968); Dillon v. United States, 389 F.2d 381 (8th Cir. 1968).

■■ Similar reasoning compels us to hold that appellee did not waive the defense of self-incrimination by his plea of guilty. It is settled that such a plea waives all non-jurisdictional defects and defenses. Cantrell v. United States, 413 F.2d 629, 632 (8th Cir. 1969), cert. denied 396 U.S. 947, 90 S.Ct. 391, 24 L. Ed.2d 251 (1970). However, as the district court noted, under the teachings of Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) "[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right." Here there was no intentional, knowing waiver, because at the time he pled guilty appellee did not know, nor could he reasonably be expected to anticipate, that assertion of the defense of self-incrimination would bar conviction and punishment under 26 U: S.C. § 4744(a). United States v. Broadus, supra; United States v. Liguori, supra; Meadows v. United States, supra; United States v. Lucia, supra.

Finally, while the government has not briefed this aspect of the waiver question, we deem it appropriate to comment upon the principle announced in Brady v. United States, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and followed in McMann v. Richardson, 397

3. In *Rowell*, supra, we initially reversed the judgment of district court overruling a motion under 28 U.S.C. § 2255 to vacate and set aside Rowell's convictions for violations of 26 U.S.C. §§ 4742(a) and 4744(a). Subsequently, in Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969), the Supreme Court held that the Fifth Amendment privilege against self-incrimination was not available as a defense to prosecution under § 4742(a). Since Rowell had received concurrent sentences on his convictions under §§ 4742(a) and 4744 (a), and the conviction under § 4742 (a) was valid in light of the *Buie* decision, on reconsideration, by an unreported per curiam order, we affirmed the district court's judgment denying relief under § 2255.

U.S. 759, 771–774, 90 S.Ct. 1441, 25 L. Ed.2d 763 (1970) and Parker v. North Carolina, 397 U.S. 790, 795–796, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), that a voluntary guilty plea, made in the light of the law applicable at the time it was entered, does not become vulnerable to attack because later judicial decisions indicate that the choice to plead guilty rested on a faulty premise.

The effect of these holdings upon the question of waiver here presented has been considered by the Second Circuit in United States v. Liguori, supra, 430 F. 2d at 848–849, and the District of Columbia Circuit in United States v. Broadus, supra. Both of these courts found the *Brady, McMann* and *Parker* holdings not controlling. The court in *Liguori* reasoned that the issue before it was not whether petitioner's plea was involuntary, but whether when he pled guilty "he had intended to waive his defense under *Leary* even before that decision was rendered." Both the *Broadus* and *Liguori* courts also recognized that the situations in *Brady, McMann* and *Parker* presented the possibility that even with the knowledge of a later judicial decision, the accused may still have chosen to plead guilty in light of the strength of the government's evidence against him or in the hope of leniency. However, there can be no doubt that an accused charged with a violation of § 4744(a) would not have pled guilty, but would have invoked the defense of self-incrimination had he been aware that the mere assertion of the privilege would afford a complete bar to his conviction and punishment. Finally, the courts in *Liguori* and *Broadus* emphasized that there is no governmental interest in punishing a person for violation of a statute where compliance with the law would require one to incriminate himself.

 We are persuaded by and are in accord with the reasoning and holding of the courts in the *Liguori* and *Broadus* cases, and we are convinced that to allow one to continue to be penalized for conduct which is now constitutionally immune from punishment would contravene basic concepts of justice and fairness.

Accordingly, the judgment of the district court granting appellee's § 2255 motion to vacate his conviction and sentence under 26 U.S.C. § 4744(a) (1) is affirmed.