Charles Rueben **STEWART**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 71–1145.

United States Court of Appeals, Eighth Circuit.

Aug. 9, 1971.

---

Charles R. Stewart, pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., and James M. Gordon, Asst. U. S. Atty., filed brief for appellee.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

The district court denied Charles Rueben Stewart coram nobis relief, and he brings this in forma pauperis appeal. We remand this case for appropriate additional proceedings on Stewart's petition.

In 1951, Stewart pleaded guilty in a United States district court to the charge of acquiring marijuana cigarettes without having paid the required transfer tax in violation of 26 U.S.C. § 2593(a) (now 26 U.S.C. § 4744(a)). Stewart has long since completed service of the two-year sentence imposed by the court for that violation. In 1970, Stewart filed the present petition, seeking to void the 1951 conviction. In his petition, Stewart asserts that he suffers present adverse consequences from it; specifically, he states that, as a result of the 1951 conviction, he received an increased penalty in 1966 as a recidivist narcotics violator (see n. 1, *infra*).

Stewart's request for relief is premised upon the Supreme Court decisions in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969). In

those cases, the Court held that the Fifth Amendment plea of self-incrimination ordinarily provides a complete defense to a prosecution of a transferee of marijuana (such as Stewart), who has failed to pay the required transfer tax.

In denying Stewart relief, the district court expressed doubt that *Leary* and *Covington* should be applied retroactively. In addition, the court stated that Stewart made an untimely attack on the 1951 conviction, and further that Stewart waived all nonjurisdictional defects, including the defense of self-incrimination, by pleading guilty. None of these reasons will stand in the light of our recent decision in Scogin v. United States, 446 F.2d 416 (8th Cir. 1971). In *Scogin*, this court retroactively applied the *Leary* and *Covington* rules to set aside a similar marijuana conviction entered upon a plea of guilty made under circumstances substantially identical to those encountered by Stewart in 1951.

The decision in *Scogin* would compel us to reverse and grant Stewart appropriate relief, except that Stewart, unlike Scogin, has not shown that present adverse consequences flow from his conviction. Scogin, who was still serving the sentence for the conviction under attack, brought his petition under § 2255. That remedy is not available to Stewart since he has already served his sentence for the 1951 conviction.

The fact that Stewart has already served his sentence, however, does not foreclose his right to relief through coram nobis. As the Supreme Court noted in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954): "Although the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties. * * *" 346 U.S. at 512–513, 74 S.Ct. at 253. But, because coram nobis is an extraordinary remedy and is available "only under circumstances compelling such action to achieve justice," *Morgan, supra* at 511, 74 S.Ct. at 252; *see* Deckard v. United States, 381 F.2d 77 (8th Cir. 1967), Stewart must demon-

44

strate that he is suffering from present advense consequences in order to be entitled to that remedy. McFadden v. United States, 439 F.2d 285 (8th Cir. 1971).

The district court has not yet considered Stewart's contention that he suffers continuing adverse consequences from the 1951 conviction. Accordingly, we remand this proceeding to the trial court for its further consideration of that issue in light of *Scogin, supra*.[1]

1. We note that Stewart also sustained a 1957 narcotics conviction for violating 21 U.S.C. § 174. Stewart has not challenged the validity of that conviction, but in his present petition he does state that he believes it to be invalid. To avoid piecemeal litigation, any challenge which Stewart intends to level against the 1957 con-

viction should be brought before the district court contemporaneously with the presentation of the issues remanded here.