333 F.Supp. 1067 (1971)
Calvin Jerome TAYLOR, Petitioner,
v.
UNITED STATES of America, Respondent.
No. 71C 273 (A).
United States District Court, E. D. Missouri, E. D.
November 8, 1971.
CALVIN J. TAYLOR, pro se.
Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for respondent.

*1068 MEMORANDUM AND ORDER
HARPER, District Judge.
This matter is presently before the court on an application for a writ of error coram nobis.
In 1948, petitioner pleaded guilty to acquiring and possessing marijuana cigarettes without having paid the required transfer tax in violation of 26 U.S.C. § 2593 (now 26 U.S.C. § 4744(a)). He is now seeking to void this conviction based on Leary v. United States, 395 U. S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and impliedly on United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), which held that ordinarily a timely invocation of the privilege against self-incrimination constitutes a complete defense to prosecution under 26 U.S.C. § 4744(a).
Although petitioner has served the two-year sentence imposed by the court, he alleges present adverse consequences from it, specifically that due to the 1948 conviction he is now serving increased sentences imposed on him in 1967 as a recidivist narcotics violator. The convictions in 1967 were on two counts of violating 26 U.S.C. § 4705(a) and one count of violating 26 U.S.C. § 4704(a). He was sentenced as a subsequent narcotics offender under the provisions of 26 U.S.C. § 7237 to three concurrent twenty-year prison terms.
These sentences which petitioner claims constitute outstanding adverse consequences were based not only on the 1948 conviction in question, but also on a 1949 narcotics offense for violation of 26 U.S.C. § 3224 of the 1939 Code, which was then punishable under 26 U. S.C. § 2557(b) (1).
After this application was filed, the court advised petitioner that a determination would be held in abeyance pending a decision in Stewart v. United States, 446 F.2d 42 (8 Cir. 1971), which involved similar facts and issues of law.
In Stewart, as in this case, the defendant, who had been convicted for narcotics violations on two previous occasions in 1951 and 1957, was sentenced as a recidivist narcotics violator in 1966. Stewart was directly attacking only his 1951 conviction, but the court said, Footnote 1, page 44:
"To avoid piecemeal litigation, any challenge which Stewart intends to level against the 1957 conviction should be brought before the district court contemporaneously with the presentation of the issues remanded here."
A copy of the Stewart decision when received by the court was sent to petitioner Taylor and his attention was directed to the passage set forth above. Thereafter, petitioner sought coram nobis relief in a separate action in which he attached his 1949 conviction. Judge Regan in Cause No. 71C 632(2) considered the merits of petitioner's attack on his 1949 conviction and denied his writ of error coram nobis based on findings that the indictment in the 1949 conviction was proper, giving the court therein jurisdiction of the offense, and finding that Taylor was "convicted" of an offense regardless of the failure of the court to impose punishment.
Although petitioner has been afforded the opportunity to levy his attacks against his 1949 conviction before Judge Regan, the court will nevertheless refer to the issue raised by petitioner in this case concerning the 1949 offense. Since petitioner was discharged without imposition of punishment for the 1949 conviction, he erroneously concludes that this conviction was not for the commission of a felony and can, therefore, provide no basis for his sentence as a recidivist narcotics offender in 1967.
It is of no consequence whether the offense for which he was convicted in 1949 was a felony or not. Offenses punishable under 26 U.S.C. § 2557(b) (1) of the 1939 Code are specifically enumerated in 26 U.S.C. § 7237(c) (1) (F) of the Internal Revenue Code of 1954 among the prior offenses to be counted in determining subsequent offenders under § 7237(a) and (b). Cf. Salgado v. United States, 277 F.2d 653, 655 (1 Cir. 1960) (by implication). Second offender *1069 status is to be determined by prior convictions under one of the statutes enumerated in § 7237(c), not by the actual imposition of sentences under them. United States v. Wilson, 404 F.2d 531 (2 Cir. 1968). Petitioner was also incorrect in assuming his 1949 conviction was not a felony. The offense described in 3224 of the 1939 Code carried a punishment of from two to five years' imprisonment for first offenders, and from five to ten years for second offenders under 2557 in 1949. Since the offense was punishable by a term of imprisonment in excess of one year, it is a felony within the meaning of 18 U.S.C. § 1.
If petitioner were successful in voiding the 1948 conviction, no benefit would inure to him. Based on the 1949 conviction, petitioner was in any event a second offender as described in 26 U.S. C. § 7237(c) (1) (F) when he was convicted in 1967. The twenty-year sentences imposed for Counts I and III of the indictment were within the permissible limits for the first and second offenders who have committed offenses described under 26 U.S.C. § 4705(a). 26 U.S.C. § 7237(b). The twenty-year sentence for Count II was within the range for second offenders who have violated provisions of 26 U.S.C. § 4704(a). 26 U.S.C. § 7237(a).
Petitioner has failed to show that he is suffering from adverse legal consequences from the 1948 conviction. His sentence as a subsequent narcotics violator is within the limits permissible absent consideration of the 1948 offense. McFadden v. United States, 439 F.2d 285 (8 Cir. 1971).
This court may entertain an application for a writ of error coram nobis only upon a showing of outstanding legal consequences. Stewart v. United States, supra. Since petitioner has failed to make such a showing, this court lacks jurisdiction to consider this application. McFadden v. United States, supra.
Accordingly, it is hereby ordered that the petition for a writ of error coram nobis should be and it is hereby denied.