**Calvin Jerome TAYLOR, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 71 C 811(1).**

United States District Court, E. D. Missouri, E. D.

May 26, 1972.

John T. Ahlquist, St. Louis, Mo., for petitioner.

Daniel Bartlett, Jr., U. S. Atty., J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., for respondent.

MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on petitioner's motion to vacate and set aside sentence under the provisions of 28 U.S. C. § 2255, in criminal cause No. 67 Cr 86(2). Leave to proceed in forma pauperis was granted.

In 1967 petitioner was convicted in this Court on two counts of violating 26 U.S.C. § 4705(a) and one count of violating 26 U.S.C. § 4704(a). He was sentenced as a subsequent narcotics offender under the provisions of 26 U.S.C. § 7237 to three concurrent twenty-year prison terms.

Petitioner presently contends that these sentences imposed on him in 1967 as a recidivist narcotics violator are unlawful in that they are based on convictions for narcotics violations in 1948 and 1949 which petitioner alleges are invalid.

In 1948 petitioner pleaded guilty to acquiring and possessing marihuana cigarettes without having paid the required transfer tax in violation of then 26 U.S.C. § 2593, and was sentenced to two years imprisonment. In 1949 petitioner was convicted of unlawful possession of heroin in violation of then 26 U.S.C. § 3224, which was then punishable under 26 U.S.C. § 2557(b)(1). After deferring the imposition of sentence from time to time, petitioner was finally discharged without imposition of punishment.

Prior to the filing of the present motion, petitioner applied to this Court for two writs of error coram nobis. One application was directed at voiding the 1948 conviction and the other at voiding the 1949 conviction.

Petitioner contended that the 1949 conviction was void on the grounds of a defective indictment and because he was discharged without imposition of punishment. For reasons expressed in a memorandum opinion by Judge Regan, Calvin Jerome Taylor, No. 71 C 632(2), dated November 4, 1971, this Court found the above contentions to be without merit.

Petitioner challenged the 1948 conviction on the basis of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), and impliedly on United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), which held that, ordinarily, a timely invocation of the privilege against self-incrimination constitutes a complete defense to prosecution under 26 U.S.C. § 4744(a). In an opinion by Judge Harper, this Court denied coram nobis relief, holding that petitioner's sentences in 1967 as a subsequent narcotics violator are within the limits permissible, even absent consideration of the 1948 offense, and, thus, that petitioner failed to show that he was suffering from any adverse legal consequences from the 1948 conviction. Taylor v. United States, 333 F.Supp. 1067 (E.D.Mo.1971). In reaching that decision, this Court again examined the 1949 conviction and found that it provided a proper basis for the 1967 sentences as a subsequent narcotics offender.

In his present motion to vacate and set aside the 1967 sentences, petitioner again contends that the 1948 and 1949 convictions are invalid.

In support of his contention that his 1949 conviction is invalid, petitioner alleges, among other grounds, that his plea of guilty to such charge was not voluntarily and intelligently made. Such contention is utterly without merit. The original records and file in this case conclusively show that petitioner did not, in fact, enter a plea of guilty to said offense, but rather on September 26, 1949, entered a plea of not guilty to each count, and on November 9, 1949, after having waived a jury trial, was tried to the Court and found guilty on Count II and not guilty on Count I. Imposition of sentence on said conviction was deferred from time to time thereafter, until finally on April 17, 1953, the trial judge after first reciting the fact that petitioner had been found guilty, entered the following order discharging petitioner without imposition of punishment:

"Defendant having heretofore been found guilty as to the charge contained in Count 2 of the indictment herein, it is now, for good cause shown, hereby ordered that defendant go hence discharged without imposition of punishment."

Petitioner argues that the docket entry of April 17, 1953, establishes that he pleaded guilty to said offense. That entry reads as follows:

"Order filed discharging deft. to go hence without imposition of punishment under plea of guilty heretofore entered to ct. 2 of ind. Hulen, J."

Petitioner's argument is completely without merit. Not only do the records and file in this case conclusively show that petitioner plead not guilty and was found guilty by the Court, the order of April 17, 1953, discharging petitioner

unmistakably shows that portion of the docket entry reading "under plea of guilty" to be a mere clerical error. Therefore, the Clerk of the Court will be directed to correct the docket entry of April 17, 1953, to accurately reflect the order of that date.

■ With the exception of the above ground, which has been conclusively shown to be without merit, the remaining grounds presented with regard to the alleged invalidity of the 1949 conviction have been previously decided adversely to petitioner by this Court. This Court considers those decisions to be of controlling weight here as there is no reason to readjudicate these grounds. See Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Wilwording v. Swenson, 446 F.2d 553 (8th Cir. 1971); Lillibridge v. Swenson, 326 F.Supp. 1104 (W.D.Mo.1971).

■ This Court further holds that as the 1949 conviction will support the 1967 subsequent offender sentences, any invalidity of the 1948 conviction would be of no consequence to the 1967 sentences. As previously stated by this Court in denying petitioner's application for coram nobis relief in Taylor v. United States, 333 F.Supp. 1067, 1069 (E.D.Mo.1971):

" . . . Based on the 1949 conviction, petitioner was in any event a second offender as described in 26 U.S.C. § 7237(c)(1)(F) when he was convicted in 1967. The twenty-year sentences imposed for Counts I and III of the indictment were within the permissible limits for the first and second offenders who have committed offenses described under 26 U.S.C. § 4705(a). 26 U.S.C. § 7237(b). The twenty-year sentence for Count II was within the range for second offenders who have violated provisions of 26 U.S.C. § 4704(a). 26 U.S.C. § 7237(a)."

Based on the foregoing, it is the opinion of this Court that petitioner's motion to vacate and set aside the sentences imposed in cause No. 67 Cr 86(2) is without merit, and said motion will be denied.