Irving JACKSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 38575.

United States District Court, E. D. Michigan, S. D.

Dec. 21, 1972.

ary 14, 1965, a five-count indictment charging narcotic law violations was filed against the petitioner, Irving Jackson. Count V was later dismissed. On April 14, 1965, petitioner was convicted by a jury on the first four counts. Counts I and III charged violations of 26 U.S.C. § 4744(a). Counts II and IV charged violations of 26 U.S.C. § 4742.

Petitioner, whose bond had been continued, failed to appear for sentencing set for August 17, 1965. Several years later he was apprehended, and on May 20, 1971, he was sentenced to two years each on Counts I and III, and five years each on Counts II and IV, all sentences to run concurrently.

On appeal to the Sixth Circuit Court of Appeals, petitioner's sole claim of error was that the trial judge used a coercive supplemental charge to the jury. The Court of Appeals, on June 6, 1972, held that the giving of the supplemental charge was not error.

This matter is now before the Court on the respondent's motion to dismiss the petition. Petitioner claims (1) his "convictions on counts two (2) and four (4), for violation of 26 U.S.C. 4744(a), violated [his] Fifth Amendment privilege against self-incrimination," and (2) he was "denied due process by the application of the presumption clauses of 21 U.S.C. 176(a) and 26 U.S.C. 4744 (a) to all four counts of which petitioner was convicted." The Government submits that petitioner's attack upon his convictions on Counts I and III is meritorious, but that his claim as to Counts II and IV is without merit.

In Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the Supreme Court held that the Fifth Amendment privilege against self-incrimination provides a complete defense for failure to comply with the transfer tax provisions of the Marihuana Tax Act, unless the plea is untimely, or the privilege has been waived. The Supreme Court has not yet passed on the question of the retroactivity of this sion.

---

Irving Jackson, pro se.

Ralph B. Guy, Jr., U. S. Atty., Barry Blyveis, Asst. U. S. Atty., Detroit, Mich., for defendant.

FREEMAN, Judge.

## OPINION AND ORDER DISMISSING PETITION

This is a motion to vacate sentence pursuant to 28 U.S.C. § 2255. On Janu-

However, in United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), the Court held that Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L. Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L. Ed.2d 906 (1968), the cases relied upon in reversing Leary's conviction for violation of § 4744(a), would be applied retroactively. The Sixth Circuit case holding that *Marchetti* and *Grosso* should be applied "largely prospectively," Graham v. United States, 407 F.2d 1313 (6th Cir.1969), was vacated by the Supreme Court, 402 U.S. 938, 91 S.Ct. 1623, 29 L.Ed.2d 107.

A majority of the Circuits have ruled that the *Leary* decision should be applied retroactively. See, United States v. Ingman, 426 F.2d 973 (9th Cir. 1970); United States v. Liguori, 430 F. 2d 842 (2d Cir.1970), cert. denied 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118; Bannister v. United States, 446 F.2d 1250 (3rd Cir.1971); Harrington v. United States, 444 F.2d 1190 (5th Cir. 1971); Scogin v. United States, 446 F. 2d 416 (8th Cir.1971); United States v. Broadus, 146 U.S.App.D.C. 178, 450 F.2d 639 (1971); Martinez v. United States, 464 F.2d 1289 (10th Cir.1972). On the other hand, the Sixth Circuit has held that *Leary* should be applied prospectively. Houser v. United States, 426 F. 2d 817 (6th Cir.1970); Ramseur v. United States, 425 F.2d 413 (6th Cir. 1970); Miller v. United States, 437 F.2d 1199 (6th Cir.1971), vacated 402 U.S. 939, 91 S.Ct. 1637, 29 L.Ed.2d 107. The Supreme Court vacated *Miller* and remanded for reconsideration "in light of this Court's decisions" in Leary v. United States, *supra,* and United States v. United States Coin & Currency, *supra.*

Moreover, Graham v. United States, *supra,* the basis for the Court of Appeals decisions in *Houser* and *Ramseur,* has been vacated by the Supreme Court.

■ These cases point inevitably to the conclusion that *Leary* is to be accorded complete retroactivity. Therefore, the *Leary* decision applies to petitioner's 1965 conviction.

Several Circuits have held that a sentence entered pursuant to a plea of guilty must be vacated pursuant to 28 U.S.C. § 2255 when the conviction was obtained prior to the *Leary* decision. In Scogin v. United States, 446 F.2d 416 (8th Cir.1971), the court, in vacating a 1967 plea of guilty to violation of section 4744(a)(1), said that a § 2255 motion filed subsequent to *Leary* and its companion case, United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L. Ed.2d 94 (1969), should be regarded as a timely assertion of the defense of self-incrimination. The Second Circuit has vacated guilty plea convictions in these circumstances, even though the plea was entered as a result of "plea bargaining." [1] In United States v. Liguori, 430 F.2d 842, 848 (2d Cir. 1970), cert. denied 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118, the court, holding that a Fifth Amendment defense to a 1968 conviction was timely when raised in a section 2255 motion filed four months after *Leary,* said:

"It would seem that the Supreme Court's requirement that the privilege be timely asserted was primarily designed to insure that in future cases the accused will assert his defense of the privilege before time and resources are wasted on a trial. We cannot conclude that the purpose of the timeliness requirement would be

1. In United States v. Weber, 429 F.2d 148 (9th Cir. 1970), vacated 402 U.S. 939, 91 S.Ct. 1633, 29 L.Ed.2d 107, the Court of Appeals held that a 1968 guilty plea after successful plea bargaining which resulted in the dismissal of the more serious charge of smuggling marihuana constituted waiver of the defendant's Fifth Amendment defense to the stamp tax charge. United States v. Weber was vacated by the Supreme Court and remanded for reconsideration in light of *Leary* and *United States Coin & Currency.* The Supreme Court's denial of certiorari in *Liguori* and vacation of *Weber* is another indication that *Leary* should be given complete retroactivity.

served by holding that Liguori's assertion of the privilege was untimely, when at the time of his conviction (August 19, 1968), the *Leary* defense had not been established by the Supreme Court."

See also, United States v. Fitzpatrick, 438 F.2d 1201 (2d Cir.1971) and United States v. Broadus, 146 U.S.App.D.C. 178, 450 F.2d 639 (1971).

Guilty plea convictions under § 4744(a) obtained prior to *Marchetti, Grosso* and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, the cases which foreshadowed *Leary,* present even a stronger argument for holding that there was no waiver of the defense in the instant case. In Bannister v. United States, 446 F.2d 1250 (3rd Cir.1971), the court held that there was no waiver of the Fifth Amendment defense recognized in *Leary,* when the petitioner pled guilty to violation of 26 U.S.C. § 4744(a) on February 28, 1967. Since at the time petitioner in *Bannister* pled guilty, the Supreme Court had not decided the *Marchetti, Grosso* and *Haynes* cases, the court at page 1255 stated that it would be "particularly unfair" to hold that petitioner knowingly and intelligently waived the privilege against self-incrimination. See also, Hupert v. United States, 448 F.2d 668 (8th Cir.1971) (a 1965 guilty plea).

Petitioner's jury trial took place in 1965, and he did not assert his Fifth Amendment privilege at trial. The same situation was presented in Otey v. United States, 135 U.S.App.D.C. 142, 417 F.2d 559, 561 (1969), where the court held that the assertion of the privilege in a § 2255 motion filed after *Leary* was timely:

"Although 'it would have been preferable for [appellant] to have asserted the privilege at trial,' *Leary,* supra, 395 U.S. at 27, 89 S.Ct., at 1543, the Fifth Circuit had just recently upheld the statute against an identical attack. The Supreme Court's decisions in Marchetti v. United States, Grosso v. United States, and Haynes v. United

States, which may have presaged the decision in *Leary,* were then more than a year in the future. In the circumstances, it is hard to see how appellant's failure to raise the privilege at trial could amount to a knowing waiver. Accordingly, the conviction under 26 U.S.C. § 4744(a) must fall." (Footnotes omitted.)

See also, Lewis v. United States, 314 F. Supp. 851 (D. Alaska, 1970).

Other courts have held the privilege to be timely asserted for the first time in a § 2255 motion, even though the petitioner's trial took place after the Supreme Court's decisions in *Marchetti, Grosso* and *Haynes.* Becton v. United States, 412 F.2d 1005 (8th Cir. 1969); United States v. Ingman, 426 F.2d 973 (9th Cir. 1970). In *Ingman,* the petitioner, as in the instant case, failed to raise the issue either in a motion for a new trial or, initially, on appeal. The court said that even if Ingman had asserted his privilege at trial, it was unlikely that the district court would have decided to anticipate *Leary* which the Supreme Court had just agreed to hear. Petitioner may have been ignorant of the defense, or he may have believed it was not available to him. Under these circumstances, the Ninth Circuit held that his failure to assert the privilege at an earlier time was not an effective waiver.

 There appears to have been no intelligent and knowing waiver of the privilege in the case at hand. At the time of petitioner's trial, the absolute constitutional privilege was unknown. In 1965, he could not reasonably have been expected to have anticipated the *Leary* decision.

Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969) clearly established that the constitutional claim of a federal prisoner is available as a ground for collateral attack in a § 2255 motion even though not raised in a direct appeal. Since petitioner's claim rests on Fifth Amendment grounds, he may now raise the privilege although it was not raised in his appeal.

Petitioner's assertion that he was denied due process by the application of the presumption clauses of 21 U.S.C. § 176a and 26 U.S.C. § 4744(a) is without merit. The petitioner was not convicted under § 176a, and the court did not charge the jury on either of these presumptions.[2]

While petitioner's convictions under Counts I and III must be vacated, his convictions under Counts II and IV are valid. Petitioner was sentenced to two years each on Counts I and III, five years each on Counts II and IV, all sentences to run concurrently. Accordingly, petitioner need not be resentenced. Garrison v. Reeves, 116 F.2d 978 (8th Cir.1941); Williamson v. United States, 265 F.2d 236 (5th Cir.1959).

For these reasons, it is ordered that the petition be and is hereby dismissed.

2. It should also be noted that the reversal by the Supreme Court of Leary's conviction under 26 U.S.C. § 4744(a) was not based upon the invalidity of the presumption clause of that statute.