Pedro FLORES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 72-1843.

United States Court of Appeals,
Sixth Circuit.

Jan. 25, 1973.

Michael L. Rolf, of Landman, Hathaway, Latimer, Clink & Robb, Muskegon, Mich., for appellant.

Ralph B. Guy, Jr., U. S. Atty., James W. Russell, Asst. U. S. Atty., Bay City, Mich., for appellee.

Before PHILLIPS, Chief Judge, and WEICK and EDWARDS, Circuit Judges.

PER CURIAM.

Petitioner was convicted on a plea of guilty in 1967 of a violation of 26 U.S.C. § 4744(a) for possession of untaxed marijuana. He was sentenced to three years imprisonment. This conviction provided part of the basis of petitioner's later sentencing as a habitual criminal in 1970 on an unrelated conviction. Petitioner appeals the District Court's denial of his motion to vacate the 1967 conviction and sentence.

On appeal to this court, the United States Attorney has filed the following statement:

"Counsel for Appellee has thoroughly examined the merits of Appellant Flores' brief and has consulted at length with the Criminal Division of the Department of Justice, Washington, D. C. After due deliberation and in light of the recommendation of the Department of Justice, the government has concluded that it will not oppose the granting of Flores' claim for relief for the reasons stated in his brief."

In Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the statute under which petitioner was sentenced was held to violate the Fifth Amendment's provisions against self-incrimination. The Court held that the assertion of the privilege against compulsory self-incrimination is a complete defense to prosecution under § 4744(a).

Since *Leary* was decided, this court has held that it is not to be applied retroactively. Miller v. United States, 437 F.2d 1199 (1971); Houser v. United States, 426 F.2d 817 (6 Cir., 1970); Ramseur v. United States, 425 F.2d 413 (6 Cir., 1970). These cases, however, were decided prior to the Supreme Court decision in United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), which held that its decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), should be applied retroactively.

Both *Marchetti* and *Grosso* were decided along the same lines as *Leary*. Both held that certain federal statutes were invalid because of the violation of the privilege against self-incrimination.

In United States v. United States Coin and Currency, *supra,* the Court, in discussing the retroactivity of *Marchetti-Grosso,* wrote:

" . . . *Marchetti* and *Grosso* dealt with the kind of conduct that cannot constitutionally be punished in the first instance. These cases held that gamblers . . . had the Fifth Amendment right to remain silent in the face of the statute's command that they submit reports which could incriminate them. In the absence of a waiver of that right, such persons could not properly be prosecuted at all.

"Given the aim of the *Marchetti-Grosso* rule, it seems clear that the Government must be required to undergo the relatively insignificant inconvenience involved in defending any lawsuits that may be anticipated. Indeed, this conclusion follows *a fortiori* from those decisions mandating the retroactive application of those new rules which substantially improve the accuracy of the factfinding process at trial. In those cases, retroactivity was held required because the failure to employ such rules at trial meant there was a significant chance that innocent men had been wrongfully punished in the past. In the case before us, however, even the use of impeccable factfinding procedures could not legitimate a verdict decreeing forfeiture, for we have held that the conduct being penalized is constitutionally immune from punishment. No circumstances call more for the invocation of a rule of complete retroactivity." 401 U.S. at 723–724, 91 S.Ct. at 1046. (Footnotes omitted.)

We hold, under the rationale of United States v. United States Coin and Currency, that the *Leary* case must be applied retroactively and therefore overrule the prior decisions on this subject in this Circuit.

The case is remanded to the District Court with instructions to grant the petitioner's motion to vacate sentence.